Reversed and Remanded and Opinion filed May 26, 2005









Reversed and Remanded and Opinion filed May 26, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00400-CR

____________

 

HERBERT JOSEPH
ISAAC,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 947,644

 



 

O P I N I O N

Convicted of aggravated assault, appellant
was sentenced to thirty-five years’ confinement in the Texas Department of
Criminal Justice, Institutional Division, after the jury found two enhancement
paragraphs were true.  Appellant asserts
the trial court erred  in the following ways:
(1) allowing him to be impeached with remote felony convictions, (2) overruling
defense counsel’s objection to the State’s allegedly improper closing argument,
and (3) failing to instruct the jury on the lesser-included offense of deadly
conduct.  We reverse and remand.

 








Factual and Procedural Background

On May 3rd, 2003, appellant went to his
father’s barber shop.  Appellant
sometimes worked at the barber shop along with other members of his family,
including appellant’s stepmother.  As
appellant’s stepmother was leaving the shop and going to her car, appellant
approached her.  According to the
prosecution, after exchanging greetings, appellant pointed a gun at his
stepmother’s side and forced her towards the barber shop.  The prosecution’s witnesses also testified
that appellant fired shots into the barber shop and struggled with his
stepmother’s son.  Appellant denied
pointing the gun at anyone and claimed the gun only discharged when his
stepmother’s son charged him and grabbed his hand.  Police arrived to find appellant on the
ground with the gun.  Appellant pleaded
not guilty to the charge of aggravated assault.

Appellant’s prior convictions

Before the May 3rd barber shop incident,
appellant was convicted of four felonies in 1988.  Appellant received probation and was released
from prison in May of 1993.  However, in
1994, appellant’s probation was revoked after he was convicted of a misdemeanor
offense.  Appellant filed a motion in
limine regarding his prior convictions. 
Also, immediately before appellant testified, his attorney objected
outside the jury’s presence to the State’s anticipated use of appellant’s prior
convictions for impeachment purposes. 
The trial court overruled appellant’s objection and, when appellant
testified, the State used appellant’s prior convictions to impeach him.

State’s closing argument

After the defense rested, the attorneys
gave their closing arguments.  During the
State’s attorney’s closing argument, the following occurred:

State’s
attorney:     What happens if you find him
not guilty?  He stands up and he  walks out that door.  And we might as well - - 

Defense
counsel:   Excuse me, Your Honor.  I object to that as being an improper  plea for law enforcement.








[Defense counsel’s objection
sustained, jury instructed to disregard, and defense counsel’s request for
mistrial denied].

State’s
attorney:     If you answer not guilty,
he goes on about and finishes his business and each one of you might as well
pick up a bullet and hand it to him on the way out.

[defense counsel’s objection overruled] 

(emphasis added)   

Appellant’s requested jury instruction

Before the trial judge read the charge to
the jury, appellant requested that a lesser-included offense be included in the
charge.  Appellant contended, as he does
on appeal, that deadly conduct was a lesser-included offense of aggravated
assault in the circumstances of his case. 
The trial judge declined to include an instruction on deadly conduct as
a lesser-included offense.  The jury
found appellant guilty of aggravated assault and also found that two
enhancement paragraphs were true. 
Appellant was sentenced to thirty-five years’ imprisonment.

Analysis








Appellant raises three issues on
appeal.  In his first issue, appellant
asserts the trial court erred by allowing the State’s attorney to impeach
appellant with his prior felony convictions on the grounds that they were too
remote and that the interests of justice did not require their admission.[1]  In his second issue, appellant asserts the
trial court erred by not sustaining his objection to the State’s jury argument,
which appellant claims was improper as it suggested appellant would commit
future crimes.  Finally, in his third
issue, appellant asserts the trial court erred by not including an instruction
on deadly conduct, which appellant contends is a lesser-included offense of
aggravated assault in the circumstances of his case.[2]  Because appellant’s third issue is
dispositive of this appeal, we address it first.

The trial court improperly denied appellant’s request
for an instruction on deadly conduct

Appellant contends that, in his case,
misdemeanor deadly conduct is a lesser-included offense of aggravated assault
and the trial court improperly denied his request for a deadly conduct
instruction.  We use a two-prong test to
determine whether appellant was entitled to an instruction on a lesser-included
offense.  Ford v. State, 38 S.W.3d
836, 841–42 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (citing Rousseau
v. State, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993)).  First, we compare the two offenses and ask
whether the lesser-included offense is included within the proof necessary to
establish the charged offense.  Id.
at 842 (citing Rousseau, 855 S.W.2d at 672–73); see also Campbell v.
State, 149 S.W.3d 149, 153 (Tex. Crim. App. 2004) (en banc) (requiring
appellate courts to analyze the elements of the offense as it was actually
charged and the elements of the purported lesser-included offense).  If so, in the second step we review the
record for some evidence that would permit a jury to rationally find that, if the
defendant is guilty, he is only guilty of the lesser-included offense.  Ford, 38 S.W.3d at 842 (citing Rousseau,
855 S.W.2d at 672–73); see also Campbell, 149 S.W.3d at 152 (requiring
appellate courts to analyze the proof that was actually presented at trial to
see if that proof establishes the lesser-included offense).

 








Step One:  Is deadly conduct a lesser-included offense
of aggravated assault   in
appellant’s case?

Deadly conduct is a lesser-included
offense of aggravated assault if 1) deadly conduct is established by proof of
the same facts, or less than the same facts, than is required to establish
appellant committed aggravated assault; 2) deadly conduct differs from
aggravated conduct only in the respect that a less serious injury or risk of
injury exists; 3) deadly conduct differs from aggravated assault only in the
respect that a less culpable mental state is required; or 4) deadly conduct
consists of an attempt to commit aggravated assault or an otherwise included
offense.  See Ortiz v. State, 144
S.W.3d 225, 231–32 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d) (en banc)
(citing Tex. Code Crim. Proc.
art. 37.09).  Appellant contends
misdemeanor deadly conduct is a lesser-included offense of aggravated assault
in his case because deadly conduct differs from aggravated assault only in the
respect that a less culpable mental state—reckless rather than intentional or
knowing—is required.  See Ortiz,
144 S.W.3d at 232 (citing Tex. Code
Crim. Proc. art. 37.09).

We first determine the elements of the
offense as charged.  Campbell, 149
S.W.3d at 153.  Appellant’s indictment
charged that he “unlawfully intentionally and knowingly threaten[ed] Carl Isaac
with imminent bodily injury by using and exhibiting a deadly weapon, namely a
firearm.”  Therefore, appellant was
charged with aggravated assault by use of a deadly weapon under Texas Penal
Code section 22.05(a)(2).  Tex. Penal Code § 22.05(a)(2).








We next look at the elements of deadly
conduct, which appellant contends is a lesser-included offense.  Campbell, 149 S.W.3d at 153.  The penal code provides that a person commits
the offense of deadly conduct if he “recklessly engages in conduct that places
another in imminent danger of serious bodily injury.”  Tex.
Penal Code § 22.05(a).[3]  Recklessness and danger are presumed when the
actor “knowingly point[s] a firearm at or in the direction of another . . .
.”  Tex.
Penal Code § 22.05(c).

We are bound, in this case, by the Texas
Court of Criminal Appeals’s decision in Bell v. State, 693 S.W.2d 434
(Tex. Crim. App. 1985) (en banc).  In Bell,
the Court was confronted with the same issue, namely, whether the State
established reckless conduct under article 22.05(a) “by proof of the same or
less than all of the facts required to establish the offense charged,
aggravated assault by the use of a deadly weapon.”  Id. at 438.  The Court recognized that proof of intent or
knowledge—higher culpable mental states—necessarily established the lower
culpable mental state of recklessness.  Id.
(citing Tex. Penal Code §
6.02(e); Briceno v. State, 580 S.W.2d 842 (Tex. Crim. App. 1979)).  The Court then turned to the question of  “whether proof of threatening another with
imminent bodily injury by using a deadly weapon [as appellant’s
indictment charged] constitutes proof that the actor engaged in conduct that
placed another in imminent danger of serious bodily injury.”  Id. 
The Court concluded that “proof of threatening another with imminent
bodily injury by the use of a deadly weapon [as appellant’s indictment charged]
constitutes proof of engaging in conduct that places another in imminent danger
of serious bodily injury [that is, misdemeanor deadly conduct].”  Id. at 438–39.

Bound by the decision in Bell, we
conclude that misdemeanor deadly conduct, as defined by article 22.05(a) of the
Texas Penal Code, is a lesser-included offense of aggravated assault by use of
a deadly weapon as charged in appellant’s indictment.  See Bell, 693 S.W.2d at 438–39; see
also Ford, 38 S.W.3d at 836 (holding deadly conduct was a lesser-included
offense of aggravated assault). 
Appellant has satisfied the first prong of the test.  See Campbell, 149 S.W.3d at 152
(stating first prong of Rousseau/Royster test is satisfied if lesser-included
offense is within the proof necessary to establish the charged offense) (citing
Rousseau, 855 S.W.2d at 672–73); see also Bell, 693 S.W.2d at
438–39 (holding deadly conduct was a lesser-included offense of aggravated
assault by use of a deadly weapon as charged).








Step Two: Could the jury rationally
find appellant was guilty only of deadly         conduct?

Having determined that misdemeanor deadly
conduct is a lesser-included offense of aggravated assault, as charged in
appellant’s case, we now decide whether the proof actually presented at trial
to establish aggravated assault by the use of a deadly weapon established the
lesser-included offense of deadly conduct. 
See Campbell, 149 S.W.3d at 153 (citations omitted).  In other words, the second prong of the test
requires us to ask: Is there some evidence in the record that would permit a
jury “to rationally find that if appellant is guilty, he is guilty only
of the lesser offense[?]” Ortiz, 149 S.W.3d at 152 (citing Rousseau,
855 S.W.2d at 672–73; Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim.
App. [Panel Op.] 1981)).  The evidence
can come from any source, and a defendant’s testimony alone is sufficient to
raise the issue.  Bell, 693 S.W.2d
at 442.  In our review of the entire
record, we cannot consider “whether the evidence is credible, controverted, or
in conflict with other evidence.”  Hall
v. State, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005); see Hayward v.
State, 158 S.W.3d 476, 479–80 (Tex. Crim. App. 2005) (considering
appellant’s testimony that she merely wrestled with the victim and hit him with
her fists before another person stabbed him before holding simple assault was
not a lesser-included offense of murder by stabbing, as charged in the
indictment).








At appellant’s trial, appellant did not
deny that he went to his father’s barber shop with a gun.  But, according to appellant, he only intended
to scare his family and then to kill himself in front of his father.  Appellant also testified that he held the gun
at his side and never pointed it at his stepmother or her son, his stepbrother.[4]  According to appellant, the gun went off only
after his stepbrother tackled him and grabbed appellant’s hand.  Appellant specifically stated that, although
he acted foolishly in going to the shop with a gun, he never intended to hurt
anyone except himself.  We conclude that
appellant’s testimony provided some evidence from which a jury could rationally
find that, although appellant never intended to threaten his family with
imminent bodily injury (a necessary element of aggravated assault), he did
recklessly engage in conduct that placed his family in danger of serious bodily
injury (as required to prove deadly conduct). 
Thus, the second prong of the test is also satisfied.  See Bell, 693 S.W.2d at 443 (“Thus, by
selectively believing some of the . . . evidence adduced at trial and rejecting
other . . . evidence, the jury could have concluded that appellant was not
acting with intent to threaten imminent bodily injury, but was nonetheless
pointing the gun . . . [and] creating a risk that another would be placed in
imminent danger of serious bodily injury.”). 
Appellant was entitled to have the jury instructed on the lesser-included
offense of deadly conduct and the trial court erred in refusing his request
that the court do so.

The
trial court’s error requires reversal








Because
we have concluded that appellant requested an instruction on deadly conduct and
the trial court erred in denying his request, we must now determine whether
this error was harmless.  See Ortiz,
144 S.W.3d at 232 (“When a defendant properly requests a jury instruction, and
such instruction is erroneously denied by the trial court, the error ‘will call
for reversal as long as the error is not harmless.’”) (citing Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)); see also Hampton v.
State, 109 S.W.3d 437, 441–42 (Tex. Crim. App. 2003) (en banc) (remanding
for harm analysis under Almanza when instruction on lesser-included
offense was submitted improperly); Saunders v. State, 840 S.W.2d 390,
393 (Tex. Crim. App. 1992) (en banc) (remanding for harm analysis under Almanza
when instruction on lesser-included offense was omitted improperly).  By satisfying the second prong of the Rousseau/Royster
test, appellant has demonstrated the error was not harmless.  See Ortiz, 144 S.W.2d at 232 (“The
second prong of the test demonstrates the existence or non-existence of
prejudice to the appellant if his request for a lesser-included offense charge
is denied.”).  Because there was some
evidence presented that would have permitted the jury to rationally find
appellant guilty of only the lesser-included offense, deadly conduct, appellant
was harmed by the omission of this instruction from the charge.  See id.  Accordingly, we reverse appellant’s
conviction and remand his case for a new trial.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Opinion filed May 26, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Publish
— Tex. R. App. P. 47.2(b).

 











[1]  We reject the
State’s assertion that appellant has failed to preserve any error.  After the close of the State’s case-in-chief
and immediately before appellant testified, his attorney objected to the
State’s anticipated use of appellant’s prior convictions to impeach him.  Appellant’s attorney made his objection to  the trial court outside the presence of the
jury and the trial court overruled his objection.  This is sufficient to preserve error.  See Geuder v. State, 115 S.W.3d 11,
13–14 (Tex. Crim. App. 2003) (holding that error was preserved and no further
objection was necessary when appellant objected to impeachment evidence of
prior convictions outside the presence of jury and obtained an adverse ruling
from the trial court).





[2]  The State
asserts appellant failed to preserve error because he failed to properly
request a deadly conduct instruction. 
Appellant requested that the trial court include an instruction on
deadly conduct in the jury charge and recited the appropriate statutory
language along with the facts that purportedly warranted the instruction.  The court reporter’s transcription of the
exchange appears in the record.  The
trial court denied appellant’s request. 
We again conclude appellant sufficiently preserved his complaint on
appeal.  See Ford v. State, 38
S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d) (stating that
alleged error in refusing to include lesser-included offense was preserved when
appellant’s request was “sufficient to call the trial court’s attention to the
omission in the court’s charge”) (citing Chapman v. State, 921 S.W.2d
694, 695 (Tex. Crim. App. 1996)) (also stating that the failure of the trial
court to include the requested charge, when properly requested, preserves the
issue for appeal) (citing Tex. Code
Crim. Proc. art. 36.14; Tex. Code
Crim. Proc. art. 36.15).





[3]  Appellant
concedes that under the facts of his case, felony deadly conduct under §
22.05(b) is not a lesser-included offense of aggravated assault.  See Tex.
Penal Code § 22.05(b), (e) (providing that deadly conduct by knowingly
discharging a firearm in certain circumstances is a felony offense).





[4]  Appellant
later testified that he did raise the gun up when his step-brother charged
towards him.  However, the jury may have
discredited this testimony or may have believed that it only established
appellant acted recklessly rather than intentionally and knowingly.  See Bell, 693 S.W.2d at 442 (“The
jury, as the trier of fact, may accept or reject all or a part of a [witness’s]
testimony, even the defendant’s.”).