**Freddie L. CAMPBELL, Appellant,**

v.

**The STATE of Texas.**

**No. 081–03.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 27, 2004.

Pete Gilfeather, Fort Worth, for appellant.

Edward L. Wilkinson, Asst. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., join.

On January 30, 2002, Appellant was convicted for the felony offense of possession of a controlled substance with intent to deliver methamphetamine of 4 grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE § 481.112 (Vernon 2002). Appellant appealed, claiming that the trial court erroneously denied his request for a lesser-included offense-instruction. The Court of Appeals affirmed the judgment of the trial court. Appellant then filed this petition for discretionary review. We will affirm the Court of Appeals.

Fort Worth police stopped a maroon Cadillac on June 15, 2000, because it had an expired dealer's tag. Appellant was a passenger in the Cadillac. After a driver's license check on the driver, Veronica Alvarez, revealed an outstanding warrant for her arrest, police officer Moore arrested Alvarez and inquired whether the Cadillac could be released to Appellant. Alvarez agreed, so Moore asked to see Appellant's driver's license. Upon checking Appellant's license, Moore discovered that Appellant also had a warrant for his arrest and arrested Appellant. Officer Moore then inventoried the Cadillac and discovered a black backpack lying in the backseat behind the front passenger seat which Appellant had occupied. The backpack had the name of Appellant's stepson written on it, and it contained "smelly" men's clothing, a "smelly" towel, a cell phone and a charger, a pager, and a daytime organizer. Inside the organizer, Officer Moore found two baggies containing what was later determined to be 8.64 grams of methamphetamine, several small empty baggies, a set

of small scales, two syringes, a tourniquet, and an address book. Alvarez became hysterical when Officer Moore found the items, and she claimed that the backpack and its contents did not belong to her. Officer John Law, assisting Officer Moore at the scene, told Appellant he thought the drugs were appellant's because of the men's clothing in the backpack. At this point, according to Alvarez, Appellant admitted, "Yes, that's my stuff."

Officer Law read Appellant his rights and asked him whether he would make a statement. Appellant agreed and wrote a statement at the scene explaining that Alvarez "knew nothing of the things I had in my bag, any drugs or otherwise," and that "this stuff is for my use, not any other reason than that. I had bought the meth before her picking me up."

In his testimony at trial, although Appellant admitted that the phone, pager, and address book belonged to him, he alleged that Officer Moore was lying about discovering them inside the backpack with the drugs. He urged that the backpack and the drugs instead belonged to his estranged wife who dealt drugs with Alvarez and her ex-husband. While Alvarez claimed that Appellant got into the car with the backpack, Appellant said that Alvarez had told him his wife was the one who had left the backpack in the Cadillac. Appellant testified that he gave the false statement about Alvarez knowing nothing of the drugs and said the drugs were his because: he was afraid of Alvarez's husband, who was "violent;" he wanted to spare Alvarez's four children; and he was reluctant to implicate his own wife for the sake of his stepson, who has Down Syndrome. Appellant did, however, confess that on the day of the offense, he possessed less than one gram of methamphetamine in a toolbox in his car at the motel where Alvarez had picked him up, and he

admitted that the police had never found the drugs in his toolbox. Based on this testimony, Appellant requested that the trial court submit a lesser-included offense instruction to the jury. The trial court refused to charge the jury on the lesser-included offense, and Appellant appealed.

On appeal, Appellant argued that the trial court erred by refusing to charge the jury on the lesser-included offense of possession of under one gram of methamphetamine. The Court of Appeals held that, based on the facts of this case, possession of one gram of methamphetamine was not a lesser-included offense of the charged offense and affirmed the decision of the trial court. *Campbell v. State*, No. 2–02–044–CR, 2003 Tex.App. LEXIS 761 (Tex. App.-Fort Worth, Jan. 9, 2003).

We granted review to determine whether the Court of Appeals erred in upholding the trial court's refusal to charge the jury on the lesser charge of possession of a controlled substance in an amount less than one gram. Because Appellant confessed to having less than one gram of methamphetamine in a toolbox in his truck at the time of the arrest, he claims that the jury could have used his statement to find him guilty only of the lesser offense of simple possession. The State argues that possession of less than one gram of methamphetamine in a toolbox at a separate location is not a lesser-included offense of possession with intent to distribute between 4 and 200 grams of methamphetamine found in the Cadillac. Thus, the State urges that no jury instruction on simple possession is warranted.

The State correctly cites to many cases which set forth the proper law and analytical process to determine whether Appellant is entitled to a jury charge as to a lesser-included offense, but none of those cases deal with simple possession of a controlled substance less than one gram at a

separate location as a lesser-included offense of possession with intent to distribute between 4 and 200 grams of a controlled substance. Thus, the cases cited by the State do not bear directly upon the issue here. We also fail to see the connection between Appellant's case and the DWI cases he cites.

Appellant claims that because he was indicted for possession of methamphetamine between 4 and 200 grams, and because he admitted to having less than one gram of methamphetamine in a toolbox not located in the Cadillac, he is entitled to a jury instruction to that effect as a lesser-included offense. He urges that the jury could have used his testimony about the drugs in the toolbox to support his conviction on the greater charge or, had it been allowed, the jury could have used it to find him guilty of the charge of simple possession of a lesser amount. In so urging, he compares his situation to DWI rulings in which the State is entitled to a synergistic charge when drug-use evidence comes out in a case where the charging instrument alleges alcohol but not drugs. *See Sutton v. State,* 899 S.W.2d 682 (Tex.Crim.App. 1995); *Heard v. State,* 665 S.W.2d 488 (Tex.Crim.App.1984); *Miller v. State,* 341 S.W.2d 440 (Tex.Crim.App.1960). The State, on the other hand, argues that because simple possession was not included within the proof necessary to establish the offense charged, Appellant was not entitled to a jury instruction. Additionally, the State maintains that no rational jury could have concluded that Appellant was guilty only of the lesser-included offense.

On appeal, the Court of Appeals held that proof of the charged offense for possession of methamphetamine in an amount greater than 4 grams but less than 200 grams required no evidence that Appellant possessed less than a gram of methamphetamine in a toolbox at a separate lo-cation. Citing *Moore v. State,* 969 S.W.2d 4, 8 (Tex.Crim.App.1998), and *Jacob v. State,* 892 S.W.2d 905, 908 (Tex.Crim.App. 1995), and holding that the trial court did not err in refusing to submit Appellant's requested lesser-included offense instruction, the Court of Appeals determined that: 1) possession of less than one gram of methamphetamine was not a lesser-included offense of the charged offense, 2) the purported lesser-included offense did not come within Article 37.09 of the Texas Code of Criminal Procedure, and 3) it therefore did not meet the first step of the two-step lesser-included-offense test. *Campbell v. State,* No. 2–02–044–CR, 2003 Tex.App. LEXIS 761 (Tex.App.-Fort Worth, Jan. 9, 2003).

**The *Royster* test**

A two-part test ("*Royster*" test) is used to determine whether a lesser-included offense may be submitted to a jury. *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). First, to be considered a lesser-included offense, the lesser offense must be included within the proof necessary to establish the offense charged. *Id.* This means that the offense must come within the dictates of Article 37.09 of the Texas Code of Criminal Procedure. *Moore,* 969 S.W.2d at 6–7. Second, some evidence must exist in the record that would permit a jury to rationally find that if Appellant is guilty, he is guilty *only* of the lesser offense. *Rousseau,* 855 S.W.2d at 672–73; *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981).

Because Article 37.09 defines a lesser-included offense both in terms of *the offense charged* and in terms of the *facts of the case,* the determination of whether an offense is a lesser-included offense must be settled on a case-by-case basis. *Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987) (citing *Day v. State,* 532 S.W.2d 302, 315–16 (Tex.Crim.App.1976)).

Accordingly, we must analyze: 1) the elements of the offense actually charged, 2) the elements of the offense sought as a lesser-included offense, and 3) the proof actually presented at trial to establish the elements of the charged offense to see if that proof showed the lesser-included offense. *Jacob*, 892 S.W.2d at 907–08; *Ford v. State*, 38 S.W.3d 836, 843 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Moore*, 969 S.W.2d at 8.

Article 37.09, in relevant part, states that an offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM. PROC. Art. 37.09 (Vernon 2004). The Texas statute for possession with intent to distribute states that a person commits the offense when "the person knowingly ... possesses with intent to deliver a controlled substance ...." TEX. HEALTH & SAFETY CODE § 481.112(a) (Vernon 2002). A person commits a violation for simple possession, on the other hand, when "the person knowingly or intentionally possesses a controlled substance ...." TEX. HEALTH & SAFETY CODE § 481.115(a) (Vernon 2002). The only significant difference between these two statutes is "intent to deliver" the controlled substance. Indeed, Texas courts have held that simple possession is a lesser-included offense of possession with intent to distribute. *Porter v. State*, 873 S.W.2d 729, 735 (Tex.App.-Dallas 1994, pet. ref'd) ("possession of less than 28 grams is a [lesser-included] offense of possession with intent to deliver an amount greater than 28 grams"); *Greer v. State*, 783 S.W.2d 222, 224 (Tex.App.-Dallas 1989, no pet.) ("[p]ossession of a controlled substance is the quintessential [lesser-included] offense of the crime of possession with intent to deliver"); *Upchurch v. State*, 23 S.W.3d 536, 538 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd); *Hanks v. State*, 104 S.W.3d 695, 699–700

(Tex.App.-El Paso 2003), *aff'd*, 137 S.W.3d 668 (Tex.Crim.App.2004). However, we have found no cases dealing with a situation where a defendant was indicted for possession of between 4 and 200 grams of drugs found at one location, and requests a lesser-included-offense instruction as to less than a gram of drugs that were at a different location.

We find no cases that deal with a defendant claiming that he should be entitled to a lesser-included-offense instruction for a stash of narcotics found at a separate location than the stash for which he was indicted. The State argues that no proof of possession of less than one gram of methamphetamine *at a separate location* is needed to establish possession with intent to distribute between 4 and 200 grams of methamphetamine in the Cadillac, and thus possession of the methamphetamine in the truck is not a lesser-included offense of the charged offense.

The facts in *Rankin v. State*, 953 S.W.2d 740 (Tex.Crim.App.1996) are similar to the facts in Appellant's case. In *Rankin*, police found a rock of crack cocaine under the seat in a patrol car where the defendant had been sitting, and the defendant was convicted of possession of a controlled substance (cocaine) weighing less than 28 grams. At trial, the defendant took the stand and denied that the rock of crack cocaine in the car was his, but confessed to possessing a different rock of cocaine at home earlier that day. *Id.* at 741. The court of appeals held that the testimony on the stand was an admission to an extraneous offense for which the defendant could not be prosecuted in that trial. *Rankin v. State*, 881 S.W.2d 14, 17 (Tex.App.-Houston [1st Dist.] 1994), *rev'd by Rankin v. State*, 953 S.W.2d 740 (Tex.Crim.App.1996) ("[w]hen appellant took the stand and admitted possession of cocaine earlier in the morning, an act that would also fit within

the terms of the indictment, he was admitting that he committed an extraneous offense"). This Court reversed the court of appeals, holding that the defendant's confession to possessing a rock of crack cocaine on the same day was an act that was "shown in the charging papers," and was thus not an extraneous offense. *Rankin*, 953 S.W.2d at 741.

Although the facts in *Rankin* appear to be similar, the case does not apply here. The issue at hand is not whether the offense is an extraneous offense, but rather the narrower issue of whether the offense is a lesser-included offense.[1] Neither party in *Rankin* claimed that one offense was a lesser-included offense of the other. Instead, the offenses were treated as separate offenses, both falling under the language of the indictment. *See Rankin*, 881 S.W.2d at 16–17 (in jury argument the State urged, "If you don't believe [that the cocaine found in the seat of the patrol car is defendant's] and you believe Mr. Rankin, that hey, you know, he smoked the crack or, hey, he had already thrown it down the sink as he testified yesterday ... then again you find the defendant guilty"). Here, however, Appellant is claiming that the offenses are essentially part of the same criminal act, one a lesser degree than the other. Furthermore, the issue in *Rankin* was not whether the defendant possessed rock A or rock B, it was whether he possessed *any* rock of crack on that day; the possession of rock A was not a defense to rock B. *See Rodriguez v. State*, 104 S.W.3d 87, 97 (Tex.Crim.App.2003)(Cochran, J., dissenting); *see also Rankin*, 953 S.W.2d at 746 (Baird, J., dissenting) (testimony of wife related to extraneous offense because the "indictment alleged only one possession ... the only possession of which the State had knowledge").

◼ Generally, to determine whether an offense is a lesser-included offense, this Court must evaluate the entire record and consider both the offense charged and the facts proven *in this case*. *Cunningham*, 726 S.W.2d at 153; *Banda v. State*, 890 S.W.2d 42, 42–43 (Tex.Crim.App.1994); *Sandoval v. State*, 865 S.W.2d 463, 465 (Tex.Crim.App.1993) ("a statement made by a defendant 'cannot be plucked out of the record and examined in a vacuum' in a lesser-included offense analysis"). The mere fact that the language in an indictment technically covers two instances of conduct, however, does not mean that each instance is part of the same criminal act for which the Appellant was indicted. In the case *Luna v. State*, 493 S.W.2d 854 (Tex.Crim.App.1973), this Court commented on the possibility that although two offenses could appear to be covered by a single indictment, they could still be two entirely separate offenses. *See Luna*, 493 S.W.2d at 855. In declaring that "[t]he same offense means the identical criminal act, not the same offense by name," the *Luna* Court gave the following example:

> To illustrate, there might be two cases against A for assault to murder on B with a pistol on the same alleged date, and a judgment of conviction or acquittal occur in one case. On the face of the pleadings and judgment a plea of former conviction or acquittal would appear good, and yet A may have tried to kill B

---

1. We recognize that, to get to the issue of whether an offense is a lesser-included offense, it seems that we would have implicitly found that the offense was not extraneous, because an extraneous offense cannot logically be a lesser-included offense. However, neither side contends that the offense is extraneous; rather, the State merely argues that it is not a lesser-included offense. We therefore decline to consider whether the offense is extraneous and instead answer the specific issue of whether the offense is a lesser-included offense.

on two different occasions on the same day.

*Id.* at 855 (quoting *Poteet v. State*, 138 Tex.Crim. 9, 133 S.W.2d 581, 583 (App. 1939)). Assuming *arguendo*, that the offense is covered by the language in the indictment, that mere fact does not make it a lesser-included offense. *Luna*, 493 S.W.2d at 855. The real question is whether there is a single act of possession, or two separate acts of possession. *Id.; Ex Parte Walker*, 813 S.W.2d 570, 571 (Tex.App.-Corpus Christi 1991) (dism'd for jurisdiction), (defendant was charged in two indictments for possession of narcotics seized at the same time and at the same location, one small quantity found on his person and a large quantity found in his hotel room).[2]

In another case, *Parrish v. State*, 869 S.W.2d 352 (Tex.Crim.App.1994), dealing with the meaning of "same elements" to determine whether an offense was a lesser-included offense for double jeopardy purposes, the Court noted that "critical elements of an accusatory pleading, such as *time, place, identity, manner, and means*, although not statutory, are germane to whether one offense includes another under Texas law and to whether several offenses are the same for double jeopardy purposes." *Id.* at 354 (emphasis in original). Finally, in *Smith v. State*, 873 S.W.2d 773, 774–75 (Tex.App.-Fort Worth 1994), the defendant was convicted of delivery of cocaine, and also of possession of cocaine with intent to deliver. The defendant sold cocaine to an officer inside a residence, and then threw additional cocaine on the ground as he left the residence and was being arrested. The court concluded that because each offense re-

quired proof of a fact not required by the other, the offenses were separate and distinct. *Id.* at 775.

■ The essential point to take from *Luna, Parrish,* and *Smith* is that, in determining whether an offense is a lesser-included offense, one must consider statutory elements *and* surrounding facts and circumstances to see if there are two distinct criminal acts. Here, although the lesser offense confessed to by Appellant would at a glance appear to fulfill the statutory elements of a lesser-included offense, a closer look at the facts reveals that the alleged possession to which Appellant confessed is a separate offense, unrelated to the crime for which he was charged. The narcotics that Appellant confessed to possessing were at a different location than those for which the State offered proof. And, neither the police nor the State were aware of the other stash of narcotics until Appellant admitted to the possession at trial, so it is impossible for Appellant to have been indicted for the possession of the narcotics in the truck. *See Rankin*, 953 S.W.2d at 745 (Baird, J., dissenting) ("[b]ecause the State was not aware of appellant's earlier possession of cocaine until appellant and his wife testified, the earlier possession could not have been the offense for which appellant was on trial and was, therefore, an extraneous offense"). We find no evidence in the record linking the possession of the narcotics in the backpack in the Cadillac to the possession of the narcotics in the truck. We therefore conclude that the possession of less than a gram of methamphetamine in the truck is not a lesser-included offense of the possession with intent to distribute between 4 and 200 grams of methamphet-

---

**2.** In *Walker*, the court concluded only that the State did not prove that the possessions were part of different criminal acts. Still, the reasoning by the court that if there are two

separate criminal acts, then the offense is not a lesser-included offense, is helpful in our decision today.

amine found in the backpack in the Cadillac. Thus Appellant was not entitled to a lesser-included-offense instruction. The decision of the Court of Appeals is affirmed.

KELLER, P.J., filed a concurring opinion, in which KEASLER, HERVEY, and HOLCOMB, JJ., join.

JOHNSON, J., filed a concurring opinion.

WOMACK, J., concurs.

KELLER, P.J., concurring, in which KEASLER, HERVEY, and HOLCOMB, JJ., join.

In our "on or about" jurisprudence, we have recognized the impracticality of requiring the indictment to specify the exact time a crime has occurred. For some crimes, pinpointing the exact year may be impractical, until evidence is presented at trial.[1] But multiple violations of the same statute can occur even during the same day.[2] The exact time of the crime, and also the exact location, are really evidentiary facts that the State should not be required to allege with exactness in the indictment. This leeway regarding evidentiary facts, however, creates the issue of what to do with multiple offenses that conform to the same indictment (as indicted or as a lesser included). Two separate crimes that conform to the same indictment are still two separate crimes, but the question becomes, if evidence of two or more crimes conforming to the indictment is presented at trial, which crime is the crime for which the defendant was indicted?

To handle this issue, we have developed a jurisprudence that incorporates election and addresses double jeopardy concerns. When the State presents evidence of a criminal act that conforms to the indictment, it has impliedly adopted that act as covered by the indictment. When multiple criminal acts that conform to the indictment are presented by the State, all such acts are impliedly adopted, unless the State makes an election specifying which of the multiple criminal acts is the one charged.[3] This "election" rule avoids the difficulty of trying to figure out which offense the State intended to be the charged offense when the State has failed to make its intentions known. So, if the State presents evidence of multiple criminal acts conforming to the indictment, and no election is made, then all of the acts are considered as the charged offense.[4] This means evidence of all of them is admissible and can be used to support the conviction, but it also means that they are all jeopardy barred in any future prosecution. And the State will be able to get only the number of convictions authorized by the indictment.[5] For instance, if one sexual assault offense was charged, and evidence of five sexual assaults conforming to the indictment was admitted—and no election took place—that evidence would be evidence of the charged offense and would support the conviction, but only one conviction would be allowed, and any future prosecution would be jeopardy barred for all five of the sexual assaults. Both the State and the defendant stand to benefit from that situation. The State would gain an increased likelihood of obtaining a conviction and

---

1. *See Sledge v. State,* 953 S.W.2d 253, 255–256 (Tex.Crim.App.1997).

2. *See Rankin v. State,* 953 S.W.2d 740, 741 (Tex.Crim.App.1996).

3. *See Ex parte Goodbread,* 967 S.W.2d 859, 860–861 (Tex.Crim.App.1998).

4. *Id.*

5. *Id.*

having it upheld on appeal while the defendant would reduce his exposure to punishment by reducing the number of convictions for his multiple criminal acts.

But either party has the ability to avoid the scenario in which a conviction is supported by evidence of multiple criminal acts. The State can choose to elect, or the defendant can choose to require the State to elect.[6] In that event, the State would specify which criminal act constitutes the offense for which the defendant was indicted, and the remaining criminal acts would be extraneous offenses. The latter offenses could not be considered the indicted offense for the purposes of conducting a sufficiency review on appeal. On the other hand, the State would preserve its ability to prosecute those latter crimes in the future.

But what happens if the *defendant* introduces evidence of a separate criminal act that conforms to the indictment? Nothing. Because the State has not introduced the evidence, it has not impliedly adopted this act as covered by the indictment. The defendant cannot foist upon the State a crime the State did not intend to prosecute. However, the State can, if it so desires, adopt the crime introduced by the defendant as a covered offense. That is what happened in *Rankin*. In argument, the State told the jury that it could convict based upon the evidence of the crime the defendant had presented.[7] So in *Rankin* the State adopted the crime in question. Nevertheless, the defendant was not without a remedy. He could have required the State to elect, but he did not.[8]

In this case the State did not adopt, as covered by the indictment, the criminal act about which the defendant introduced evidence. Appellant's attempt to obtain a lesser included offense instruction based upon that crime was an improper attempt to foist upon the State an offense the State had not chosen to prosecute. Even if the Court were to require the State to make an election regarding a crime that *the State* never presented to the jury to avoid its inclusion, such a requirement was met here. The State actively opposed including the defendant's proffered crime within the indictment's coverage by objecting to appellant's requested lesser included offense. The State's objection was sufficient to constitute an election if one is thought to be required.[9]

Because the State never adopted, as covered by the indictment, appellant's proffered lesser included offense, appellant was not entitled to an instruction on it. With these comments, I join the opinion of the Court.

JOHNSON, J., concurring.

We find ourselves at this juncture because our case law has confounded "same act" in the sense of "same statutory offense" and "same act" in the sense of "same conduct." *Rankin v. State,* 953 S.W.2d 740 (Tex.Crim.App.1996), is a recent and perhaps the most obvious example of this confounding. We have an opportunity in this case to separate and clarify these concepts.

In *Rankin,* the defendant denied possessing the cocaine that the police found in a patrol car after he sat in it, but he confessed to an extraneous offense: a separate, unrelated offense of possession at his home earlier in the day involving different cocaine. The *Rankin* Court defined

**6.** *Id.; Espinoza v. State,* 638 S.W.2d 479, 480 (Tex.Crim.App.1982).

**7.** *Rankin,* 953 S.W.2d at 741.

**8.** *Id.* at 743 (Meyers J., concurring).

**9.** *Goodbread,* 967 S.W.2d at 861 n. 2.

an extraneous offense as any act of misconduct (conduct) that is not shown in the charging papers. It then held that Rankin's confession of commission of the same offense that was charged in the indictment (the same statutory offense) authorized conviction for possession based on the extraneous offense (different conduct). The Court thus confounded proof of the charged statutory offense of possession of an identifiable quantity of a controlled substance with proof of the uncharged conduct (possession of a different identifiable quantity of drugs at a different location) that constituted the same statutory offense: possession is possession.

This case presents almost the same fact pattern as in *Rankin*. In each case, the appellant was charged with and tried for possession of an identifiable quantity of drugs with intent to deliver and denied possessing the drugs. At trial, both appellants admitted to possession of a different, smaller, identifiable quantity of the same controlled substance on the same day, but in a different location from the charged possession. Neither quantity of controlled substance was ever discovered by authorities, and the only evidence of its existence was the defendant's testimony at trial. The difference, as Presiding Judge Keller notes in her concurrence, is that the prosecutor in *Rankin* chose to adopt the confession to an extraneous offense. As a result, we cannot know which rock of cocaine the jury believed that Rankin possessed. While I find it mildly amusing that in *Rankin* the state requested, and received, essentially the same relief that it now opposes, it appears to me that, in this case, the state is correct.

Authorizing a jury to convict a defendant of a lesser-included offense in such circumstances is an invitation to a person accused of possession of large quantities of controlled substances, with or without intent to deliver, to deny the possession alleged in the indictment, then confess to possession of a smaller quantity at some other location and become eligible for a lighter penalty. It would not be unreasonable to suspect that such a ploy is an effort to convince a jury of a defendant's forthrightness, and thereby bolster his credibility and his honesty: If he is honest enough to tell the truth about drugs that the police did not know about, surely he would also be truthful about drugs the police did know about.

Perhaps we need to return to the reasoning of *Luna v. State*, 493 S.W.2d 854, 855 (Tex.Crim.App.1973), which stated, "The same offense means the identical criminal act, not the same offense by name." The allegations in an indictment may adequately describe not only the charged conduct but also uncharged repetitions or uncharged lesser-included offenses of the same statutory offense. However, the fact that an allegation is adequate to describe uncharged conduct as well as the charged conduct does not logically lead to a conclusion that proof of the uncharged conduct is sufficient to prove the charged conduct. The correct solution is not to authorize conviction for the charged offense based on similar, but uncharged, conduct, but rather to file charges against such a confessing defendant for the offense he confessed to, regardless of the outcome of the trial on the original charge.