Opinion issued February 15, 2007











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00398-CR






RICARDO DELEON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1041805




 

MEMORANDUM OPINION Appellant, Ricardo Deleon, was charged by indictment with the felony offense
of aggravated assault, to which he pleaded not guilty. See Tex. Pen. Code Ann.
§ 22.02 (Vernon Supp. 2006). A jury found appellant guilty. The trial court assessed
punishment at eight years' confinement, pursuant to an agreed plea. In one issue,
appellant contends that the trial court erred by denying his requested instruction on
the lesser-included offense of deadly conduct. 

 We affirm.

Background

 On September 26, 2005, the complainant, Dina Lopez, went to a laundromat
to wash a blanket. When she entered, appellant, who was a stranger to Lopez,
approached and asked if she needed help. Lopez declined. As Lopez began her
wash, appellant began making derogatory remarks about her. Lopez saw her friend,
Elizo Soliz, nearby and went over to talk with him. 

 Appellant approached and asked Soliz, "Is this F'ing . . . puta [sic] bothering
you?" Soliz replied that Lopez was a friend. Appellant then said to Lopez, "The
hurricane should have took [sic] you away." Lopez responded, "You don't even
know me, so you shouldn't be talking to me like that." Appellant said, "No, you
don't know me" and took out a box cutter, from which protruded a rusty blade. 
Appellant, who was three to four feet away from Lopez, pointed the blade at her and
said, "You know, I could kill you." Lopez was scared and believed that appellant was
going to stab or kill her. Lopez and Soliz retreated from appellant, but appellant
advanced toward them, waving the box cutter. 

 An employee of the laundromat told appellant to leave, and he complied. 
Lopez then hid behind a washer and borrowed a cellular telephone from another
patron to call the police. Lopez was scared and was unable to dial the phone. 
Moments later, appellant came running back inside and toward Lopez, with the box
cutter in hand. The employee ushered Lopez into a small cashier's room, where
Lopez finished her call to the police behind a locked door. Appellant continued to
threaten Lopez through the door and then left. 

 The responding police officers, M. Hernandez and J. Martinez, arrested
appellant a few blocks from the laundromat, carrying the box cutter. The officers
testified that appellant was intoxicated and belligerent. Officer Hernandez testified
that the box cutter was capable of causing serious bodily injury or death, if it was put
in the proper place on the body. 

 Appellant was charged with the felony offense of aggravated assault. After the
close of evidence at trial, appellant requested that an instruction on a lesser-included
offense of deadly conduct be included in the charge, which the trial court denied.
Appellant was found guilty of aggravated assault, and this appeal followed.

Instruction on Lesser-included Offense

 In his sole issue, appellant contends that the trial court erred by denying an
instruction on the lesser-included offense of deadly conduct.

A. Standard of Review and the Law

 A defendant is entitled to an instruction on a lesser-included offense if (1) the
lesser offense is a lesser-included offense of the charged offense and (2) there is some
evidence from which a jury could rationally find that, if the defendant is guilty, he is
guilty of only the lesser offense. Guzman v. State, 188 S.W.3d 185, 188 (Tex Crim.
App. 2006). 

 Under prong one, to be considered a lesser-included offense, the lesser offense
must be included within the proof necessary to establish the offense charged. 
Campbell v. State, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004). This means that the
offense must come within the provisions of article 37.09 of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006);
Campbell, 149 S.W.3d at 152. Article 37.09 provides that an offense is a lesser
included offense if:

 (1) it is established by proof of the same or less than all the facts required
to establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest
suffices to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense.


Tex. Code Crim. Proc. Ann. art. 37.09; see Hayward v. State, 158 S.W.3d 476, 478
(Tex. Crim. App. 2005). Because article 37.09 defines a lesser-included offense in
terms of the offense charged and the facts of the case, the determination of whether
an offense is a lesser included offense must be settled on a case-by-case basis. 
Campbell, 149 S.W.3d at 152. If none of the subsections of article 37.09 apply, the
lesser offense is not a lesser-included offense as a matter of law and the inquiry ends. 
Ford v. State, 38 S.W.3d 836, 842 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

 If the first prong is satisfied, then we determine, in prong two, if there is some
record evidence from which a jury could rationally find that, if the defendant is guilty,
he is guilty only of the lesser offense. See id. If both of these prongs are met, the
defendant is entitled to a charge on the lesser-included offense. Guzman, 188 S.W.3d
at 189.

B. Analysis 

 We begin by setting out the statutory elements of the offense claimed to be a
lesser-included offense. Id. Here, the elements of deadly conduct are as follows: (1)
the defendant (2) recklessly (3) engaged in conduct that placed another in imminent
danger of serious bodily injury. See Tex. Pen. Code Ann. § 22.05 (Vernon 2003). 
We then compare these elements to the elements of aggravated assault as alleged in
the indictment. Guzman, 188 S.W.3d at 189. Here, appellant was charged in the
indictment with having "intentionally and knowingly threaten[ed] [Lopez] with
imminent bodily injury by using and exhibiting a deadly weapon, namely, A BOX
CUTTER." The elements of the offense, that of aggravated assault, as charged in the
indictment are: (1) the defendant, Ricardo Deleon (2) "intentionally and knowingly"
(3) threatened Dina Lopez with imminent bodily injury, (4) "by using and exhibiting
a deadly weapon, namely, A BOX CUTTER." See Tex. Pen. Code Ann.
§§ 22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2006); Guzman, 188 S.W.3d at 189. 

 We consider whether, in proving aggravated assault as it was alleged in the
indictment, the State necessarily had to prove all of the elements of deadly conduct. 
See Guzman, 188 S.W.3d at 189 n.7 (citing Jacob v. State, 892 S.W.2d 905, 907-08
(Tex. Crim. App. 1995) (applying article 37.09)). 

 At trial, appellant contended that deadly conduct was a lesser included offense
of aggravated assault on the basis that all four of the provisions of article 37.09 were
satisfied in this case, as follows: 

 

 [Counsel]: All those requirements are met in that deadly conduct is
clearly a case of where the--it's a set--a subset of the
larger set, which is aggravated assault . . . . 

 [Trial Court]: Where is it that you see that? . . . I may be paraphrasing it,
but, I believe, it says for that particular offense that it
would be a person that commits the offense if he recklessly
engages in conduct that places another in imminent danger
of serious bodily injury, correct? Now, with regard to
aggravated assault threat by a deadly weapon, that would
require intentionally and knowingly threatening with a
deadly weapon, bodily injury; am I correct? 

 [Counsel]: Uh-huh.

 [Trial Court]: So, actually, a lesser-included offense requires something
more than the charged offense, correct?

 [Counsel]: Is that what you heard from me, you heard me say that?

 [Trial Court]: I'm asking if that is correct.

 [Counsel]: That the lesser included offense would include an element
not included in the proof of an aggravated assault?

 [Trial Court]: I'm asking you to address that issue.

 [Counsel]: I'm sorry. I'm not sure I understand.

 [Trial Court]: Well, you pointed to 37.09. 37.09(3) says different from
the offense charged only in respect that a less culpable
mental state suffices to establish its commitment. What
I'm pointed to [sic], the lesser you're asking for would
require proof of imminent danger of serious bodily injury. 
The offense of aggravated assault, as charged in the
indictment here, would only require proof of threat, bodily
injury. Am I not correct? Imminent bodily injury as
opposed to serious bodily injury, which deadly conduct
would require.

 [Counsel]: Well, that's what the statute says, Judge, but I-I would
still--.

 [Trial Court]: In fairness to you, I'm giving you an opportunity to address
that. I'm looking at that differently. But you had made the
assertion that under 37.09 it fit all of those. And I'm
pointing to 37.09(3) as to whether that is accurate or not.

 [Counsel]: Well, I think the lesser--the less culpable mental state that
is talked about in 37.09(3), Judge, is that in order to
commit the offense of aggravated assault, you have to
knowingly or intentionally commit the offense of deadly
conduct, the lesser culpable mental state is required of
reckless. [sic]

 [Trial Court]: No question about that. But it requires proof of something
different, correct, serious bodily injury as opposed to
bodily injury?

 [Counsel]: Well, this is--3 only talks of the culpable mental state.

 [Trial Court]: It differs from the charged offense only in the respect that
a less culpable mental state suffices to establish its
commission.

 [Counsel]: I'm saying that's what we have. Deadly conduct requires
reckless, and that's all the mental culpability, mental state
it requires. Aggravated assault requires something higher,
knowingly and intentionally.

 [Trial Court]: Also, it indicates 37.09. It differs only in the respect that
a less serious risk of injury to the same person or property
or public, establishes its commission. I guess what I'm
asking you to address is deadly conduct seems to require
something more in terms of that.


After further discussion of case law, the trial court denied appellant's proposed
instruction, in part, on the basis that the proffered lesser-included offense, deadly
conduct, failed prong one of the analysis because it was not included within the proof
necessary to establish the charged offense of aggravated assault. See Guzman, 188
S.W.3d at 188 (requiring, in prong one of two-prong test, that lesser offense must be
a lesser-included offense of charged offense). As the above excerpt shows, the trial 
court considered the differences in the level of culpability required to establish each
offense and the differences in the degree of injury required to establish each offense.

 On appeal, appellant confines his issue under prong one to the contention that
the trial court erred by "ruling that as a matter of law deadly conduct was not a lesser
included offense of aggravated assault in the context of this case based on a
misinterpretation of the relative culpabilities implied by the different mental states
requirements [sic] of aggravated assault and deadly conduct." (Emphasis added.) We
disagree that this is the basis of the trial court's denial of appellant's requested
instruction. 

 Article 37.09(3) provides that an offense is a lesser included offense if "it
differs from the offense charged only in the respect that a less culpable mental state
suffices to establish its commission." Tex. Code Crim. Proc. Ann. art. 37.09(3). 
Deadly conduct requires a showing that appellant acted with a reckless state of mind. 
Aggravated assault, in this case, requires a showing that appellant acted intentionally
or knowingly. As appellant contends, a reckless mens rea is a less culpable mental
state than an intentional or knowing mens rea. See Bell v. State, 693 S.W.2d 434, 438
(Tex. Crim. App. 1985). However, in order for deadly conduct to be considered a
lesser included offense of aggravated assault on this basis under article 37.09, the
differences in the level of culpability would have to be the only respect in which the
offenses differ. See Tex. Code Crim. Proc. Ann. art. 37.09(3) (providing that an
offense is a lesser included offense if "it differs from the offense charged only in the
respect that a less culpable mental state suffices to establish its commission"). 

 As the trial court pointed out and as the State contends on appeal, the level of
culpability is not the only manner in which the offenses differ. Not only do the
offenses differ with regard to the level of culpability required to establish commission
of the offense, but the offenses differ with respect to the degree of injury or risk of
injury that suffices to establish commission of each offense. Deadly conduct requires
a showing involving "serious bodily injury," whereas aggravated assault involves
only "bodily injury." (1)

 We conclude that subsection (3) of article 37.09 is not applicable in this case. 
Appellant has not argued on appeal that any other subsection of 37.09 applies. 
Because appellant has not shown that deadly conduct is a lesser included offense of
aggravated assault based on any provision of article 37.09, he has not satisfied prong
one of the analysis. Because he has not satisfied prong one, we do not reach prong
two.

 Accordingly, we overrule appellant's sole issue. 

Conclusion

 We affirm the trial court's judgment. 

 



 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).

1. "' ' 
 
 " 
 "' ' 
 "