In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-130 CR


____________________



REAGAN AARON OLIVER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 93210






 MEMORANDUM OPINION 


 A jury convicted Reagan Aaron Oliver of aggravated assault based upon an offense
committed in Jefferson County, Texas. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp.
2006). (1)
 For the reasons explained below, we affirm. Factual and Procedural Background

 The evidence at trial showed that Oliver and Daryl Licatino, the person that Oliver
assaulted, first met at Christy Odom's house in 2003. Odom is the mother of Licatino's
daughter, and Licatino testified that Odom dated Oliver. According to Oliver, on each
occasion that he met Licatino, the meetings were not amicable. On the day prior to the
incident for which he was tried, Oliver testified that he was in a cellular telephone store in
the mall with Christy when Licatino assaulted him. 

 On the morning of September 3, 2004, Oliver's employer picked him up to take him
to work. On the way to work, they stopped at a convenience store. When Oliver opened the
door to enter the store, he saw Licatino standing at the cash register. Testifying in his own
defense, Oliver explained that "after I was attacked the night before [] I was mad." Oliver
further testified that upon finding Licatino inside the store, "[he] seen red and pretty much
just lost control." Oliver admitted that he threatened Licatino, and testified that he could not
dispute what had happened during the incident because he "blacked out." Oliver stated that
about a minute later, he realized that he had done something he should not have done. Oliver
also testified that he had been involved in several prior physical altercations with Licatino. 
 

 Licatino also testified at the trial regarding the aggravated assault. Licatino explained
that Oliver, while using a three-inch knife, chased him around the convenience store and
threatened to kill him. Licatino's co-worker, who was also present with him at the store,
corroborated Licatino's testimony that Oliver threatened Licatino with a knife. 

 On January 11, 2006, a jury found Oliver guilty of aggravated assault and assessed
his punishment at ten years' confinement in the Institutional Division of the Texas
Department of Criminal Justice. The jury recommended that his punishment be probated. 
The trial judge subsequently placed Oliver on community supervision for ten years. 

 Oliver raises five issues in this appeal: (1) whether the trial court erred in excluding
evidence regarding Oliver's past relationship with Licatino; (2) whether Oliver should
receive a new trial due to the court's exclusion of this evidence; (3) whether the trial court
erred in refusing Oliver's requested instruction on recklessness; (4) whether the trial court
erred in failing to charge the jury on the lesser offense of deadly conduct; and (5) whether
the trial court should have granted a new trial because it did not charge or instruct the jury
as Oliver requested. 

Exclusion of Testimony Regarding Oliver's Relationship with Licatino

 In issues one and two, Oliver complains about the trial court's exclusion of evidence
concerning his relationship with Licatino and asserts the trial court should have granted a
new trial because it excluded this evidence. In his offer of proof, Oliver testified that: (1) 
on two occasions prior to September 4, 2003, Licatino slashed his tires; (2) on two prior
occasions Licatino confronted him at Christy Odom's house with a baseball bat; (3) Licatino
once made verbal threats against him at a salon; (4) Licatino once called him on the phone
and said, "We're taking real good care of your little girl[;]" and (5) he believed Licatino to
be the source of several anonymous threatening phone calls he received prior to the assault. 
Oliver argues that a full development of these facts was "necessary to understand, before one
can 'see' what happened on September 3, 2004, in a type of light that reflects on and
illuminates any incident."

 Oliver does not argue that the jury's understanding of the past details of his
relationship with Licatino would amount to a defense or justification for his conduct. See
generally Tex. Pen. Code Ann. §§ 8.01-8.07, 9.01-9.63 (Vernon 2003 & Supp. 2006). As
issues on self-defense or insanity were not raised by the evidence, Oliver did not request
issues or instructions on them. We note that a defendant must request issues or instructions
on defensive issues, and the trial court is not required to submit an unrequested issue sua
sponte. Posey v. State, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998). 

 The relevancy rules guide our review of a court's decision to admit or exclude
evidence. To be admitted, evidence must be relevant. See Tex. R. Evid. 402. Evidence that
is not relevant is not admissible. Id. Evidence is relevant if it has "any tendency to make the
existence of any fact that is of consequence to the determination of the action more probable
or less probable than it would be without the evidence." Tex. R. Evid. 401. 

 Oliver's use of a knife was a threat of force. A threat of force is justified when the
use of force is justified. Tex. Pen. Code Ann. § 9.04 (Vernon 2003). Under a theory of
self-defense, "a person is justified in using force against another when and to the degree he
reasonably believes the force is immediately necessary to protect himself against the other's
use or attempted use of unlawful force." Tex. Pen. Code Ann. § 9.31(a) (Vernon 2003). 
Here, there was no evidence that Licatino used or attempted to use unlawful force on the day
of the incident. Thus, the history of altercations between Oliver and Licatino does not tend
to show in this case that Oliver was legally justified in threatening Licatino with the knife.

 Further, the Rules of Evidence generally prohibit the introduction of specific prior acts
to prove that a person acted in accordance with his prior conduct on the occasion in question. 
See Tex. R. Evid. 404(b). Oliver did not argue to the trial court and does not argue on appeal
that any of the recognized exceptions to the general rule prohibiting testimony about prior
specific acts would apply to permit his use of the testimony he proffered. Absent a showing
of relevance, coupled with a Rule 404 exception, the Rules of Evidence do not permit the
defendant to show prior specific acts to demonstrate that the victim is a bad person. 

 In conclusion, we fail to perceive how the evidence Oliver tendered in his offer of
proof was relevant to excuse his charged conduct. We find no error in the court's exclusion
of evidence contained in Oliver's offer of proof, and overrule issues one and two. 

Lesser-Included Offense

 The primary dispute in this appeal concerns whether the evidence admitted at trial
required the trial court to include instructions and a jury question on deadly conduct. At the
charge conference, Oliver requested that the court give the jury an instruction on
recklessness, and that it submit a question on deadly conduct. The trial court responded:

 I want the record to reflect that the request was made that the lesser
included charge of deadly conduct be included, along with the definition of
reckless, along with the verdict form for guilty/not guilty of deadly conduct,
which is a Class A misdemeanor. The Court has gone back through its mind
trying to find some scintilla of evidence that would support the inclusion of
these; and the Court is satisfied, after going back through the testimony, that
there is no evidence that would legally support the inclusion of a lesser
included instruction charge or definition. 


Consequently, the trial court denied the requested instruction and issue on deadly conduct.

 "Because Article 37.09 defines a lesser-included offense both in terms of the offense
charged and in terms of the facts of the case, the determination of whether an offense is a
lesser-included offense must be settled on a case-by-case basis." Campbell v. State, 149
S.W.3d 149, 152 (Tex. Crim. App. 2004); see Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 2006). The standard we apply in reviewing requests for lesser-included offenses
imposes a burden on the defendant to meet two conditions before a court is required to
instruct a jury on a requested lesser-included offense. The Court of Criminal Appeals
explained:

 Upon the defendant's request, a lesser-included offense instruction shall be
included in the jury charge if: (1) "the requested charge is for a lesser-included
offense of the charged offense; and (2) there is some evidence that, if the defendant
is guilty, he is guilty only of the lesser offense."


Guzman v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006) (quoting Hayward v. State,
158 S.W.3d 476, 478 (Tex. Crim. App. 2005); see Campbell, 149 S.W.3d at 153. Therefore,
we compare the elements of deadly conduct to the elements of aggravated assault as alleged
in the indictment to evaluate whether deadly conduct is a lesser-included offense of the
offense charged in the indictment. 

 In this case, a deadly conduct charge would have been proper if: (1) the defendant,
Oliver, (2) recklessly (3) engaged in conduct placing Licatino in imminent danger of serious
bodily injury. See Tex. Pen. Code Ann. § 22.05(a) (Vernon 2003). 

 We then compare the elements of deadly conduct to the elements of aggravated assault
as charged in the indictment. See Guzman, 188 S.W.3d at 189. Oliver was charged with
"intentionally and knowingly threaten[ing] imminent bodily injury to DARYL LICATINO
with the use of a deadly weapon, namely, a knife that in the manner of its use and intended
use is capable of causing serious bodily injury and death." To prove an aggravated assault
under its indictment, the State had to prove that: (1) the defendant, Oliver, (2) assaulted
Licatino and (3) used or exhibited a deadly weapon while doing so. See Tex. Pen. Code
Ann. § 22.02. To prove the assault alleged in the indictment, the State had to prove that: (1)
the defendant, Oliver, (2) intentionally or knowingly threatened Licatino with imminent
bodily injury. See Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon Supp. 2006). 

 In comparing the elements of these offenses, there are two apparent differences. For
the type of aggravated assault with which Oliver was charged, the State was required to
prove that Oliver committed the act knowingly or intentionally. See Tex. Pen. Code Ann.
§ 22.01(a)(2). In contrast, under the deadly conduct charge Oliver requested, the State had
to prove the requisite mens rea by proving that Oliver's conduct was reckless. See Tex. Pen.
Code Ann. § 22.05(a). Second, the deadly conduct charge required proof that Oliver placed
Licatino in "imminent danger of serious bodily injury," compared to the aggravated assault
indictment that required proof of Oliver's "threatening another with imminent bodily injury."
With respect to the differences in the mens rea requirements of these two offenses, the Code
of Criminal Procedure provides that an offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices
to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense.


Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). 

 The indictment required proof that Oliver acted intentionally or knowingly, not
recklessly. See Tex. Pen. Code Ann. § 22.02(a) (incorporating elements of assault into
aggravated assault); Tex. Pen. Code Ann § 22.01(a) (Vernon Supp. 2006) (providing that
culpable mental state of "recklessly" constitutes an element of assault that causes bodily
injury; other theories of assault contain only the "intentionally" and "knowingly" mental
states). (2)
 Acting recklessly involves a less culpable mental state than acting intentionally or
knowingly. Tex. Pen. Code Ann § 6.02 (Vernon Supp. 2006). (3)
 Nevertheless, the difference
between the statutory mens rea requirement of deadly conduct and aggravated assault does
not remove deadly conduct from qualifying as a lesser-included offense of aggravated
assault. See Guzman, 188 S.W.3d at 192. 

 With respect to the second apparent difference between the two offenses, we conclude
there is no actual difference between placing another in imminent danger of serious bodily
injury and threatening another with imminent bodily injury. The Court of Criminal Appeals
has stated that "proof of threatening another with imminent bodily injury by the use of a
deadly weapon constitutes proof of engaging in conduct that places another in imminent
danger of serious bodily injury." Bell v. State, 693 S.W.2d 434, 438-39 (Tex. Crim. App.
1985). In summary, we conclude that deadly conduct is a lesser-included offense of the
aggravated assault offense with which the State charged Oliver. 

 In addition to analyzing the elements of the relevant offenses, Texas law requires an
evaluation of the proof at trial before determining whether a party is entitled to have the jury
instructed or charged on a lesser-included offense. Guzman, 188 S.W.3d at 192. Guzman
directs that a court must evaluate the evidence presented at trial to determine if there is "some
evidence in the record that would permit a jury to rationally find that if the defendant is
guilty, he is guilty only of deadly conduct," and is not also guilty of aggravated assault. Id. 
Here, the trial transcript reflects that during his testimony, Oliver did not deny brandishing
the knife at Licatino. Further, the record does not show that Oliver's use of the knife was
non-threatening or the result of any type of accident or mistake. Oliver admitted at trial that
he threatened Licatino, and that he possibly had a knife in his hand when he did so. Both
Licatino and his co-worker, who witnessed the assault, testified that Oliver brandished a
knife while threatening to kill Licatino. Their testimony was not contradicted.

 We conclude that the evidence at trial showed that Oliver's mens rea was knowing
or intentional, and was not reckless. Oliver's testimony that he blacked out allowed him to
avoid cross-examination, but it does not constitute evidence that his conduct was reckless. 
Because the evidence does not support the inference that Oliver's conduct was reckless, the
trial court properly concluded that it was not required to charge or instruct the jury on deadly
conduct. We find no merit in issues three (A), three (B), and four, all of which are premised
on the trial court's refusal to submit Oliver's instructions and issues. Issues three (A), three
(B), and four are overruled. 

 Having overruled all of Oliver's issues, the trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on November 29, 2006

Opinion Delivered March 7, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although the aggravated assault statute was amended after the commission of the
alleged offense, there were no changes in the section relevant to our analysis of this appeal. 
Compare Act of May 28, 2003, 78th Leg., R.S., ch. 1019, 2003 Tex. Gen. Laws 2963-64 with
current version at Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2006). The judgment also
contains a clerical error in that it cites to the Agriculture Code instead of to the Penal Code
as the statutory basis for the conviction. 

2. Although the assault statute was amended after Oliver's offense, there were no
changes in the section setting forth the statutory mental states required to prove a violation
of the provision at the time of Oliver's offense. Compare Act of May 24, 1973, 63rd Leg.,
R.S., ch. 399, § 22.01(a)(2), 1973 Tex. Gen. Laws 833, 919 with current version at Tex. Pen.
Code Ann. § 22.01(a)(2) (Vernon Supp. 2006). 

3. Although the Penal Code provision regarding the requirement of culpability was
amended after the commission of the offense, there were no changes in the section relevant
to the classification of each category by degree. Compare Act of May 24, 1973, 63rd Leg.,
R.S., ch. 399, § 6.02, 1973 Tex. Gen. Laws 833, 892 with current version at Tex. Pen. Code
Ann. § 6.02 (Vernon Supp. 2006).