

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0924-09

### ROBERT LEE WORTHY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### BROWN COUNTY

**KELLER, P.J., filed a concurring opinion in which MEYERS, J., joined.**

Evidence of a bad act is "same transaction contextual evidence" when the bad act is "so intermixed or connected" with the charged offense "as to form a single, indivisible criminal transaction, such that in narrating the one, it is impracticable to avoid describing the other."[1] It is not enough for the bad act to be intermixed with the charged offense; the bad act must be "necessary to the jury's understanding of the [charged] offense."[2] Although the bad act of bringing a child to

---

[1] *McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005).

[2] *Id.*

a registered sex offender's apartment occurred during the same transaction as the sexual assaults[3] that occurred at that same apartment, it is not at all clear whether this bad act was necessary to understanding those offenses. The trial court did not think so; it admitted the evidence on a different basis.[4]

We need not decide whether this evidence was same transaction contextual evidence because appellant has not challenged the court of appeals's determination that it was. His only challenge is to the court of appeals's determination that same transaction contextual evidence is exempt from the article 37.07 notice provision. Rather than imply that such evidence is admissible as same transaction contextual evidence, I would refrain from addressing the issue.

Filed: June 9, 2010
Publish

---

[3] The indictment alleged two sexual assault offenses, but the evidence showed more than two offenses conforming to the indictment allegations—including those occurring at the registered sex offender's home. "[I]f the State presents evidence of multiple criminal acts conforming to the indictment, and no election is made, then all of the acts are considered as the charged offense." *Campbell v. State*, 149 S.W.3d 149, 156 (Tex. Crim. App. 2004) (Keller, P.J., concurring) (citing *Ex parte Goodbread*, 967 S.W.2d 859, 860-861 (Tex. Crim. App. 1998)).

[4] The trial court found that the notice requirement was met. That issue is not before us here.