

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP-76,020

**MELISSA ELIZABETH LUCIO, Appellant**

**v.**

**THE STATE OF TEXAS**

ON DIRECT APPEAL
FROM CAUSE NO. 07-CR-885-B IN THE 138TH DISTRICT COURT
CAMERON COUNTY

**KELLER, P.J., filed a concurring opinion.**

In point of error eleven, appellant claims that she was entitled to a jury instruction on injury to a child as a lesser-included offense. The second prong of the test for determining when a defendant is entitled to an instruction on a lesser-included offense is that "some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[1] The cause of death in this case was blunt-force trauma to the head. Although

---

[1] *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993).

appellant admitted, in her recorded statement, to inflicting numerous other injuries upon the child in prior instances, she denied hitting the child on the head. Appellant's theory at trial was that she had beaten the child in the past, but she had not committed the act that caused the child's death.

Appellant points only to the following testimony by a State's witness in support of her claim that she meets the "guilty only" prong:

> What she told me, is, she would grab her by the arm. And then she said, she would take her down the steps, she would move her around like a rag doll. That was one. And the other – other ways that – you know – was striking her in the back of the head, or striking her to the body.

This portion of the testimony shows only that appellant was guilty of separate instances of child abuse that occurred prior to the incident that caused the child's death. It is the State, not the defendant, that decides which acts it is seeking a conviction for. A defendant cannot foist upon the State a crime the State did not intend to prosecute in order to gain an instruction on a lesser-included offense.[2] The instances of abuse cited by appellant are extraneous offenses. As such, these separate instances of conduct are not lesser-included offenses of the charged offense of capital murder.[3]

Even if the record did contain evidence that could be construed as showing that appellant inflicted the fatal injuries without the requisite culpable mental state for capital murder, she would not be entitled to a lesser-included offense instruction for the reasons stated by the Court in its footnote twenty. Because the child died, appellant would be guilty, at least, of felony murder.

As to point of error four, I agree that the evidence is sufficient to support the jury's decision

---

[2] *Bufkin v. State*, 207 S.W.3d 779, 781 (Tex. Crim. App. 2006).

[3] *See Campbell v. State*, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004) (a distinct criminal act from the offense charged cannot be a lesser-included offense); *id.* at 154 n.1 ("an extraneous offense cannot logically be a lesser-included offense").

that there is a probability that appellant would commit criminal acts of violence that would constitute a continuing threat to society. I would analyze the question somewhat differently from the Court.

In the *Berry* case, this Court held that the jury was irrational to conclude that there was a probability that Kinesha Berry would be a future danger.[4] In some ways, Berry's crime was more heinous, and her criminal history worse, than appellant's. Berry did not just suffocate her days-old baby Malachi. She duct-taped his mouth and arms, put him–alive–into a garbage bag, and threw him in a dumpster.[5] A few years later, she left her infant daughter naked in a ditch fifteen feet off the side of a road, where she was found by chance, covered in fire-ant bites.[6] In spite of citing the correct standard of review, the Court relied explicitly on evidence put on by the defense in finding the evidence of future dangerousness insufficient. (E.g., "[Berry's] expert witnesses opined that she was depressed and under extreme stress;" "[Berry] murdered one child and abandoned another, but defense witnesses testified that these two incidents were totally out of character and she was a loving and caring mother to her other three children.")[7] The Court then concluded, in essence, that it is irrational to believe that subjecting one's own baby to suffering and death and trying to kill another could indicate a character so callous, so lacking in common human feeling and judgment, that it was likely to manifest itself in criminal acts of violence against others.

In the present case, appellant's criminal history is not extensive. I do not consider her negligence of her other children to be particularly probative of a tendency toward criminal acts of

---

[4] *Berry v. State*, 233 S.W.3d 847, 860-64 (Tex. Crim. App. 2007).

[5] *Id.* at 865.

[6] *Id.*

[7] *Id.* at 861-62.

violence, but she did indeed treat Mariah brutally.  The jury was justified in finding that her abuse of Mariah indicated that she was dangerous, and not just to her own children.  But the jury in *Berry* was equally justified in viewing Berry's horrific and callous treatment of her own children as evidence of a deficiency of character likely to manifest itself in criminal acts of violence against others.

With these comments, I concur in the disposition of points of error four and eleven, and  I otherwise join the Court's opinion.

Filed: September 14, 2011
Publish