IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-76,020






MELISSA ELIZABETH LUCIO, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM CAUSE NO. 07-CR-885-B IN THE 138TH DISTRICT COURT

CAMERON COUNTY






Keller, P.J., filed a concurring opinion. 





 In point of error eleven, appellant claims that she was entitled to a jury instruction on injury
to a child as a lesser-included offense. The second prong of the test for determining when a
defendant is entitled to an instruction on a lesser-included offense is that "some evidence must exist
in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only
of the lesser offense." (1) The cause of death in this case was blunt-force trauma to the head. Although
appellant admitted, in her recorded statement, to inflicting numerous other injuries upon the child
in prior instances, she denied hitting the child on the head. Appellant's theory at trial was that she
had beaten the child in the past, but she had not committed the act that caused the child's death. 

 Appellant points only to the following testimony by a State's witness in support of her claim
that she meets the "guilty only" prong:What she told me, is, she would grab her by the arm. And then she said, she would
take her down the steps, she would move her around like a rag doll. That was one. 
And the other - other ways that - you know - was striking her in the back of the
head, or striking her to the body.

 

This portion of the testimony shows only that appellant was guilty of separate instances of child
abuse that occurred prior to the incident that caused the child's death. It is the State, not the
defendant, that decides which acts it is seeking a conviction for. A defendant cannot foist upon the
State a crime the State did not intend to prosecute in order to gain an instruction on a lesser-included
offense. (2) The instances of abuse cited by appellant are extraneous offenses. As such, these separate
instances of conduct are not lesser-included offenses of the charged offense of capital murder. (3) 

 Even if the record did contain evidence that could be construed as showing that appellant
inflicted the fatal injuries without the requisite culpable mental state for capital murder, she would
not be entitled to a lesser-included offense instruction for the reasons stated by the Court in its
footnote twenty. Because the child died, appellant would be guilty, at least, of felony murder.

 As to point of error four, I agree that the evidence is sufficient to support the jury's decision
that there is a probability that appellant would commit criminal acts of violence that would constitute
a continuing threat to society. I would analyze the question somewhat differently from the Court.

 In the Berry case, this Court held that the jury was irrational to conclude that there was a
probability that Kinesha Berry would be a future danger. (4) In some ways, Berry's crime was more
heinous, and her criminal history worse, than appellant's. Berry did not just suffocate her days-old
baby Malachi. She duct-taped his mouth and arms, put him-alive-into a garbage bag, and threw him
in a dumpster. (5) A few years later, she left her infant daughter naked in a ditch fifteen feet off the side
of a road, where she was found by chance, covered in fire-ant bites. (6) In spite of citing the correct
standard of review, the Court relied explicitly on evidence put on by the defense in finding the
evidence of future dangerousness insufficient. (E.g., "[Berry's] expert witnesses opined that she was
depressed and under extreme stress;" "[Berry] murdered one child and abandoned another, but
defense witnesses testified that these two incidents were totally out of character and she was a loving
and caring mother to her other three children.") (7) The Court then concluded, in essence, that it is
irrational to believe that subjecting one's own baby to suffering and death and trying to kill another
could indicate a character so callous, so lacking in common human feeling and judgment, that it was
likely to manifest itself in criminal acts of violence against others. 

 In the present case, appellant's criminal history is not extensive. I do not consider her
negligence of her other children to be particularly probative of a tendency toward criminal acts of
violence, but she did indeed treat Mariah brutally. The jury was justified in finding that her abuse
of Mariah indicated that she was dangerous, and not just to her own children. But the jury in Berry
was equally justified in viewing Berry's horrific and callous treatment of her own children as
evidence of a deficiency of character likely to manifest itself in criminal acts of violence against
others.

 With these comments, I concur in the disposition of points of error four and eleven, and I
otherwise join the Court's opinion.

Filed: September 14, 2011

Publish
1. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993).
2. Bufkin v. State, 207 S.W.3d 779, 781 (Tex. Crim. App. 2006).
3. See Campbell v. State, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004) (a distinct criminal
act from the offense charged cannot be a lesser-included offense); id. at 154 n.1 ("an extraneous
offense cannot logically be a lesser-included offense"). 
4. Berry v. State, 233 S.W.3d 847, 860-64 (Tex. Crim. App. 2007).
5. Id. at 865.
6. Id.
7. Id. at 861-62.