NO. 07-04-0480-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 20, 2007

_____


ANTONIO SCHMIDT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15510-0405; HONORABLE ED SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**
**ON REMAND FROM THE COURT OF CRIMINAL APPEALS**


Appellant, Antonio Schmidt, was convicted by a jury of retaliation and sentenced to seven years confinement and a $7,000 fine. By our opinion of February 2, 2006, we reversed Appellant's conviction for retaliation and rendered a judgment of acquittal. Our

opinion was based on a finding that the evidence was legally insufficient to prove retaliation by threat as alleged in the indictment. Based upon that decision, we did not address Appellant's further complaints.

The State's Petition for Discretionary Review was granted on two issues: (1) whether a threat of harm and actual harm can arise from the same act and occur simultaneously or must the threat precede the harm, and (2) was the evidence that Appellant yelled at, cursed, grabbed, pushed, kicked, dragged, and punched the victim sufficient to prove that he threatened to harm her? Finding that this Court erred in drawing a bright-line rule that a threat of harm and actual harm cannot arise from the same act and occur simultaneously and that the threat must precede the initial harm, the Court of Criminal Appeals determined that the evidence was legally sufficient and reversed the judgment of acquittal and remanded the case for further proceedings to consider Appellant's remaining points. *See Schmidt v. State*, 232 S.W.3d 66 (Tex.Crim.App. 2007).

In addition to the legal sufficiency challenge which has been resolved, Appellant also challenged (1) the factual sufficiency of the evidence to support his conviction and (2) whether the trial court erred in denying his request for a lesser included offense charge for the offenses of assault with bodily injury and assault by threatening to cause imminent bodily injury. As directed by the high Court, we now address Appellant's remaining contentions.

## Factual Background

Appellant was indicted for threatening to harm the victim by striking her in retaliation for or on account of her services as a prospective witness. Appellant was angry with the victim, with whom he had been romantically involved for almost four years. The victim was spending a few days with Appellant at his mother's house. The victim testified that one morning during her visit, Appellant woke up angry and was calling her names. On that morning, besides them, Appellant's mother was the only other occupant in the house. She was in her bedroom in the back of the house. Appellant and the victim argued in the living room and Appellant yelled, screamed, and cursed at her and said, "[y]ou stupid bitch, I'm probably going to have to do time because of you!" She stepped outside to the front porch and sat in a swing. She ignored Appellant yelling at her from inside the house. He then went outside, where the argument escalated into violence. He grabbed the victim by the arms as she yelled to be left alone. He pushed her off the swing and caused her to hit her head. While she was lying on the ground crying and "curled up in a ball," Appellant kicked her in the back and stomach, dragged her by her hair, and punched her in the face. According to the victim, she managed to get away and go back inside the house. She tried to use the phone, but Appellant took it from her and threw it across the room. At Appellant's mother's suggestion, she locked herself in the bathroom until she could safely leave the house. The victim and Appellant's mother exited the house through the back door and Appellant's mother found her a ride home. According to the victim, as she was walking to the car, Appellant laughed and said, "[h]a, ha. That's what you get, bitch."

3

## Factual Sufficiency of the Evidence

When conducting a factual sufficiency review, we examine all the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), *overruled in part by Watson v. State*, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find some objective basis in the record that demonstrates that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417. In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or "manifestly unjust" simply because we might disagree with the jury's verdict. *Id.*; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Additionally, we must consider the most important evidence that Appellant claims undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). We are not, however, required to discuss all evidence admitted at trial. *See id. See also Roberts v. State*, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).

The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13 & 38.04 (Vernon 2007). As a reviewing court, we must always remain cognizant of the jury's role and unique position in evaluating credibility and demeanor of witnesses and giving weight to contradictory testimonial evidence. *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000). Unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination. *Johnson*, 23 S.W.3d at 8.

4

The indictment in this cause required the State to prove that Appellant intentionally or knowingly threatened to harm the victim by an unlawful act, to-wit: striking the victim, in retaliation for or on account of her services as a prospective witness. *See* Texas Penal Code Ann. § 36.06(a)(1)(A) (Vernon Supp. 2007)[1]. According to Appellant, the most important evidence that undermines the jury's verdict is the fact that the State failed to prove that the victim was a *prospective witness* of an offense. Appellant further contends the State failed to prove that he *threatened to harm the victim* as alleged in the indictment and that without an amendment to the indictment alleging an alternative means of committing the offense, to-wit: by actually harming the victim, the evidence is insufficient to support his conviction. (Emphasis added). We disagree.

According to the victim, she had told a friend of hers that she had given a statement to the police about an incident that occurred in Dallas involving Appellant, but had not told Appellant she had done so. Instead, she had told him that, although the local police had been looking for her, she did not speak with them. The victim testified that she had confided in her friend, Bridgett, about her statement to the police and that Bridgett must have told her sister Brittany. Specifically, the victim testified, "Brittany started calling [Appellant] and told him a bunch of stuff behind my back." The victim further testified, "I told Bridgett, and I guess Bridgett had told her sister Brittany about it." Appellant's statement to the victim that "I'm probably going to have to do time because of you"

---

[1]All statutory citations are to the Texas Penal Code Ann. (Vernon Supp. 2007) unless otherwise designated.

indicates he was aware that she had given some sort of a statement to the police and it supports the contention that the assault was on account of her services as a prospective witness.

As to Appellant's claim that a threat of harm is distinguishable from harm itself, in its review of this Court's prior opinion, the Court of Criminal Appeals explained that "[d]uring a prolonged assault, the aggressor's actions can include both threats and actual harm. In some cases, infliction of harm itself can be a threat of further harm." 232 S.W.3d at 67. In reaching its conclusion, the Court relied on *Olivas v. State*, 203 S.W.3d 341 (Tex.Crim.App. 2006), in which it revisited *McGowan v. State*, 664 S.W.2d 355 (Tex.Crim.App. 1984). *Schmidt*, 232 S.W.3d at 67-68. The Court took the position that in a case of assault by threatening another with imminent bodily injury, the crucial inquiry is "whether the assailant acted in such a manner as would under the circumstances portend an immediate threat of danger to a person of reasonable sensibility." *Olivas,* 203 S.W.3d at 347. The Court, however, left open the question of whether a victim must perceive the defendant's threat to establish the crime of assault by threat. *Olivas,* 203 S.W.3d at 349.[2]

There is no doubt that Appellant harmed the victim in this case. The victim endured a prolonged assault which involved pushing, grabbing, kicking, punching, and dragging.

---

[2]The Court in *Schmidt* again left open the question noting that there was ample evidence that the victim was placed in fear through the beating she sustained. *Schmidt*, 232 S.W.3d at 68.

The victim testified that Appellant's conduct caused her fear. Although she initially claimed she did not feel threatened "because it wasn't the first time that it had happened," later, in response to questions, she testified that she did feel threatened by Appellant's actions. Based on the Court's rationale in *Schmidt* and the evidence presented by the victim, we conclude there was adequate evidence of threatened harm to the victim. Because we find that there was factually sufficient evidence of both service as a prospective witness and threatened harm, we find that Appellant's conviction was not "clearly wrong" or "manifestly unjust." Point of error one is overruled.

**Lesser Included Offenses**

By his second point of error, Appellant contends the trial court erred in denying his request for inclusion in the jury charge the lesser included offenses of assault causing bodily injury pursuant to § 22.01(a)(1), a Class A misdemeanor offense, and assault by threatening to cause imminent bodily injury pursuant to § 22.01(a)(2), a Class C misdemeanor offense. The State maintains the trial court did not err because neither offense is a lesser included offense of retaliation.

A defendant is entitled to a lesser included offense jury charge if: (1) the requested charge is a lesser included offense of the offense charged, and (2) there is *some* evidence that if the defendant is guilty, he is guilty *only* of the lesser offense. *Guzman v. State*,188 S.W.3d 185, 188 (Tex.Crim.App.2006) (Emphasis added). The evidence must establish

the lesser included offense as a valid rational alternative to the charged offense. *McKinney v. State,* 207 S.W.3d 366, 370 (Tex.Crim.App.2006).

The first prong of this test requires that we compare the elements of the offense, as charged, against the elements of the requested lesser included offense to determine if the requested charge is in fact a lesser included offense of the offense charged. *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007). The analysis of the first prong is a question of law. *Id.* To be considered a lesser included offense, the lesser offense must be included within the proof necessary to establish the offense charged. *Campbell v. State*, 149 S.W.3d 149, 152 (Tex.Crim.App. 2004). Under the Texas Code of Criminal Procedure, an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

In this case, the indictment alleged that (1) Appellant did (2) intentionally or knowingly, (3) threaten to harm another, to-wit: Kimberly Lee, (4) by an unlawful act, to-wit: striking Kimberly Lee, (5) in retaliation for or on account of the services of Kimberly Lee as a prospective witness. By comparison, the elements of assault causing bodily injury are established by proof that: (1) a person (2) intentionally, knowingly, or recklessly (3) causes bodily injury to another; and, the elements of assault by threatening to cause imminent bodily injury are established by proof that: (1) a person (2) intentionally or knowingly (3) threatens another with imminent bodily injury. Appellant maintains that these offenses are

8

lesser included offenses because they are established by proof of less than all the facts required to establish the offense of retaliation, to-wit: they do not require proof that the assault was in retaliation for or on account of the services of Kimberly Lee as a prospective witness.

Therefore, whether assault causing bodily injury is a lesser included offense of retaliation, as charged, turns on whether proof of *threaten to harm* or *striking* is legally equivalent to proof of *bodily injury*. (Emphasis added). Likewise, whether assault by threatening to cause imminent bodily injury is a lesser included offense of retaliation, as charged, turns on whether proof of *threaten to harm* or *striking* is legally equivalent to proof of *threaten to cause imminent bodily injury*. (Emphasis added).

To "strike" means to deliver a blow, stroke, or thrust (as with the hand, a weapon, or a tool). Merriam-Webster's Collegiate Dictionary (11th ed. 2003). "Bodily injury" means physical pain, illness, or any impairment of physical condition. § 1.07(a)(8) . "Harm" means the existence of loss or detriment in fact of *any* kind to a person resulting from *any* cause. Black's Law Dictionary 718 (6th ed. 1990). (Emphasis added). Additionally, "imminent" means near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; *threatening*; menacing; perilous. Black's Law Dictionary 750 (6th ed. 1990). (Emphasis added). Under these definitions, to strike someone would be the legal equivalent of causing bodily injury to that person and a threat to cause imminent bodily injury would necessarily constitute a threat to harm someone.

Furthermore, during a prolonged assault, the aggressor's actions can include both threats and actual harm. *Schmidt,* 232 S.W.3d at 67. Therefore, because the difference between the offense as charged and the lesser offenses requested by Appellant is established by proof of less than all the facts required to establish the commission of the offense charged, the offenses of assault causing bodily injury and assault by threatening to cause imminent bodily injury are lesser included offenses of the felony offense of retaliation, as charged in this case. Accordingly, we conclude the first prong was met.

The second prong of the test then requires that we determine whether there is *some* evidence that would permit a jury to rationally find that Appellant is guilty *only* of the lesser offense. *Guzman v. State,* 188 S.W.3d at 188 (Emphasis added). In our review we must review all evidence introduced to determine whether the trial court erred in failing to instruct the jury on a lesser included offense. *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex.Crim.App. 2000). The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App. 1996). If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is subject to two different interpretations, the jury should be charged on the lesser included offense. *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex.Crim.App. 1996).

The defense strategy was, in part, an effort to show that Appellant and the victim had argued over several different subjects, including a relationship between Appellant and

10

another young lady.  In this regard, Appellant essentially contends that there was more than a scintilla of evidence that the altercation between Appellant and the victim was due to their dysfunctional personal relationship rather than in retaliation for her service as a prospective witness against Appellant.

During direct examination, the victim testified as follows:

Q.  We argued a little bit about that girl, but I – he said that he wanted to talk to her because she kept calling.  And I told him, I said, "You know what?  You want to talk to her?  Talk to her.  I don't care.  Because once I leave here today, I'm never talking to you again.

Later, during cross-examination, she explained that she had obtained the girl's phone number and called her to tell her that she and Appellant had been romantically involved for almost four years.  She added that the girl did not believe her.  The victim also testified that she and Appellant argued over Brittany telling Appellant details about the victim's private life.

Based on all the evidence presented, we conclude there was more than a scintilla of evidence that would have permitted the jury to rationally find that the assault was for reasons other than in retaliation for or on account of her services as a prospective witness.  The second prong was met; therefore, the trial court erred in refusing to instruct the jury on the lesser included offenses of assault with bodily injury and assault by threatening to cause imminent bodily injury.

## Harmless Error Review

An erroneous charge does not automatically result in reversal. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex.Crim.App. 1994). Article 36.19 of the Texas Code of Criminal Procedure provides the manner for appellate review of charge error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). A judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007). The standard to apply in determining harm depends on whether the defendant objected. *Almanza*, 686 S.W.2d at 171. Where there has been a timely objection, an appellate court need only find some harm. *Id.*

During the charge conference, defense counsel requested that the trial court include an instruction to the jury on the lesser included offenses of assault causing bodily injury and/or assault by threatening another with imminent bodily injury. Defense counsel noted that he had no other objections. The trial court overruled defense counsel's request.[3]

Cases involving preserved charge error will be affirmed only if *no* harm has occurred. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986) (Emphasis in original). On the other hand, the presence of *any* harm, regardless of degree, is sufficient to require reversal. *Id.* (Emphasis in original).

---

[3]Article 36.15 of the Texas Code of Criminal Procedure provides that no other exception or objection is necessary to preserve charge error if the defendant, by special requested instruction, calls the trial court's attention to error in the charge.

Retaliation is a third degree felony punishable by confinement for two to ten years, in addition to a $10,000 fine. §§ 36.06(c) & 12.34. Assault by causing bodily injury is a Class A misdemeanor punishable by confinement for up to one year and/or a fine not to exceed $4,000. §§ 22.01(a)(1) & 12.21. Assault by threatening another with imminent bodily injury is a Class C misdemeanor punishable by a fine not to exceed $500. Based on the different degrees of the offenses–felony versus misdemeanors–and potential ranges of punishment, we conclude that Appellant suffered some harm in not being granted the requested instructions on lesser included offenses. Thus, the charge error presented requires a reversal of the trial court's judgment and a remand of the case for a new trial. Point of error two is sustained.

## Conclusion

Consequently, the trial court's judgment is reversed and the cause is remanded for a new trial.

Patrick A. Pirtle
Justice

Do not publish.

13