**AFFIRM; and Opinion Filed October 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00703-CR

### BRANDON KEITH BURCHAM, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31373**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant Brandon Keith Burcham was convicted of felony murder and sentenced to life imprisonment.[1] Appellant raises three issues on appeal: (1) whether intoxication manslaughter is a lesser included offense of felony murder where driving while intoxicated, third offense, is alleged as the underlying felony, (2) whether the trial court's denial of his requested jury instruction on intoxication manslaughter was constitutional error, and (3) whether the trial court's denial of his requested jury instruction on intoxication manslaughter deprived him of due process under the Fourteenth Amendment to the United States Constitution.[2] U.S. CONST. amend XIV. We affirm.

---

[1] Appellant was also convicted, under a second count of the indictment, of failure to stop and render aid. He was sentenced to twenty years' imprisonment for that offense. Appellant's issues on appeal, however, relate only to his conviction in the murder case.

[2] While appellant states in his brief that he is appealing his sentence rather than his conviction, his issues allege error at the guilt/innocence phase of the trial.

## Background

About 4:20 p.m. on August 13, 2016, James Wylie was walking across the intersection of State Highway 34 and Interstate 30 in Greenville, Texas. He was standing in one of the center turn lanes when he was struck by a black pick-up truck. Several witnesses testified that they saw Wylie, who was struck from behind, tossed into the air; he landed on the hood of the pick-up truck before rolling off the truck. First responders found Wylie critically injured; he went into cardiac arrest while being treated at the scene. Wylie was transferred by ambulance to a local hospital where he was pronounced dead.

All of the witnesses to the incident testified that the driver of the pick-up truck did not stop to render aid to Wylie but rather sped away, running red lights.

Some of the witnesses pursued the pick-up truck onto the service road of Interstate 30. The pick-up truck struck another vehicle on that road which was being driven by Dustin Baker. Baker testified that he did not see the pick-up truck coming. His air bag deployed, which made it difficult for him to exit his vehicle. As he did so, his vehicle rolled forward and hit a Jeep Cherokee parked in front of him. The pick-up truck also failed to stop at the site of this collision, but continued down the service road. Several of the pursuers noticed that there was smoke coming from the pick-up truck.[3]

Sherri Maines, who had witnessed the second collision and was driving in pursuit of the pick-up truck on the service road, noticed a state trooper driving down the interstate and waved out her window to try and get the trooper's attention. Texas Highway Patrolman Matthew Neese testified that he had already noticed smoke coming from the pick-up truck on the service road. He

---

[3] There was testimony that damage to the truck was consistent with "crashes and striking objects or another vehicle." The cause of the smoke turned out to be that the bumper of appellant's truck was pressed against a tire, causing friction, burning rubber and releasing smoke.

had also noticed that other vehicles were traveling "rapidly" behind this truck. Because smoke coming from a vehicle for more than ten seconds is a traffic violation, Neese had already decided to exit the interstate and conduct a vehicle stop when he saw Maines waiving "excitedly" to get his attention. Just as Neese exited the interstate, Maines was able to maneuver her truck to get in front of the pick-up truck. Another pursuer, Jody Meusel, was also able to maneuver his vehicle to help "box in" the pick-up truck with Maines and Neese.

Neese made contact with the driver of the smoking pick-up truck who was positively identified as appellant. Appellant was "sitting in the driver's seat, hands on his wheel, just staring straight forward. Music was going medium volume." He was wearing sunglasses. Meusel, who also saw appellant in the pick-up truck, testified that appellant "looked like he was out of it" and "looked like he didn't even know what was going on."

Neese instructed appellant to get out of the pick-up truck. When appellant did so, Neese detected the odor of an alcoholic beverage. Neese testified that appellant was also lethargic and slow in his movements and replies. At that point Neese believed he was investigating an offense of driving while intoxicated.

Neese learned from the pursuers that appellant had been involved in a "hit and run" incident. After speaking with the pursuers, Neese asked appellant why he ran; appellant said he did not run. Neese also asked appellant if he had run someone over or hit someone. Based on appellant's response, Neese testified that he knew appellant had committed an offense. Neese placed appellant in handcuffs and detained him.

Freddy Guante, a Greenville police officer dispatched to assist Neese, noticed that appellant had a strong odor of alcohol coming from his person and was having difficulty maintaining his balance. Guante later had to physically assist appellant into a patrol car because of the trouble appellant had keeping his balance.

Appellant was transported to the Hunt County jail and placed in the intoxilyzer room. Guante testified that he observed additional signs of possible intoxication in the intoxilyzer room: appellant had slurred speech and, when his sunglasses were removed, glassy eyes.

Appellant refused to participate in a standard field sobriety test. When appellant also refused to voluntarily supply a blood sample, the police obtained a warrant for his blood. Blood was drawn and submitted to the Department of Public Safety laboratory in Tyler, Texas. Appellant's blood, which had been drawn at 6:55 p.m., approximately two to two and a half hours after the incident, tested at 0.340 grams of alcohol per 100 milliliters of blood. The forensic pathologist who tested the blood testified that the legal limit in Texas is 0.08 grams of alcohol per 100 milliliters of blood, making appellant's blood alcohol content approximately four and a half times the legal limit. The pathologist also testified that the "average elimination rate" of alcohol from a person's blood was 0.02 grams of alcohol per 100 milliliters of blood per hour. Asked a hypothetical question to determine the possible blood alcohol at the time of the incident, the pathologist testified that she would expect the alcohol concentration to have been higher at time of incident. Using the standard formula for elimination, she testified that appellant's blood alcohol content at the time of the incident could have been between 0.38 and 0.40. In the pathologist's opinion, appellant was intoxicated two and a half hours earlier than the blood draw.

There was uncontroverted evidence at trial that appellant had been convicted of two prior offenses of driving while intoxicated. The first conviction was on a plea of guilty from Hunt County on April 8, 2013, while the second conviction was on a plea of guilty from Collin County on January 14, 2016.

**Intoxication Manslaughter as a Lesser Included Offense Issue**

*Objections and Arguments*

Prior to trial, appellant submitted a proposed charge to include intoxication manslaughter as a lesser included offense.[4] The State responded that "we don't believe he's entitled to pursue on intox (sic) manslaughter as a lesser included on a murder, with felony DWI being underlined." The State asked the trial court to resolve the matter before trial so it would not be brought up in front of the jury panel on voir dire. The trial court reviewed case law submitted by the State[5] and asked the attorneys to make their arguments.

The State made extensive arguments to the trial court opposing a charge on intoxication manslaughter as a lesser included offense. The State's main argument was that the felony murder statute excluded manslaughter from being used as the underlying felony. TEX. PENAL CODE §19.02(b)(3). The State also argued that the two offenses required different causation: "You have to have causation for intox (sic) manslaughter, and you don't have to necessarily have causation for felony murder, depending upon the way it's charged. We have charged felony DWI as the underlying felony. We believe, therefore, in should not be a lesser included on intox (sic) manslaughter."

Defense counsel argued in favor of the requested instruction as follows:

> (DEFENSE COUNSEL): The issue of intoxicated manslaughter, Your Honor, the *McGuire* case is fully on point with us in our position. . . .

> In *McGuire*, the Court held that the trial court erred by not allowing the Jury to resolve whether McGuire met the elements for conviction on intoxication manslaughter as well as felony murder.

---

[4] Counsel for appellant also argued in favor of a jury charge on criminally negligent homicide, which the trial court denied.

[5] The State relied at trial on the following cases: *Bigon v. State*, 252 S.W.3d. 360 (Tex. Crim. App. 2008), *Lomax v. State*, 233 S.W.3d 302 (Tex. Crim. App. 2007), and *McGuire v. State*, 493 S.W.3d 177 (Tex. App.—Houston [1st. Dist.] 2016, pet. ref'd).

Should he be retried and the evidence warrants the submissions, both offenses may be submitted to the Jury for determination, though a judgment of conviction may not be entered on both.

The language of the opinion was very clear on the fact that intoxicated manslaughter is allowable as a lesser included offense on a felony murder predicated on third offense DWI or more.

*

We're not talking about double jeopardy at this point. The Jury can't convict Mr. Burcham of both.

*

Also, the *Lomax* decision, as I read it, holds that felony DWI is not a lesser included offense of intoxicated manslaughter, not that intoxicated manslaughter is not a lesser included offense of felony murder.

The *Lomax* case speaks to whether or not felony DWI can be – a jury could acquit someone of intoxicated manslaughter but convict them for a third offense or more of DWI.

That's not the same factual scenario that we're faced with.

The trial court disagreed with defense counsel's case law interpretation and said as follows:

THE COURT: I'm not going to allow those lesser included offenses at this point.

At this time neither criminally negligent homicide or – a proper lesser included offense of felony murder because they require a different mens rea act clearly dangerous to human life which are alleged in felony murder, and because felony murder doesn't require the separate mens rea, it only – so in this instance they are not true lesser includeds (sic) in that offense.

At the conclusion of the evidence and prior to submitting the case to the jury, the trial court asked defense counsel for objections to the charge. Counsel stated as follows: "The only objection I have, Your Honor, is a continuing objection that we argued previously, that the Court's denial of my motion to include the lesser-included offense of intoxicated manslaughter. So I would just like that noted for the record, Your Honor." The trial court replied as follows: "All right. And the Court still denies the submission of intoxicated manslaughter based on the previous arguments and

discussion I heard earlier in this case before we started the trial." The jury was not charged on any lesser included offenses.

### *Jury Charge Error*

In analyzing a claim of jury charge error, we must first determine if error exists. *See Almanza v. State*, 686 S.W.2d 157, 173–74 (Tex. Crim. App. 1985); *see also Price v. Stat*e, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If it does not, our inquiry ends. *See Price*, 457 S.W.3d at 440. If, however, we find error in the charge, we next consider whether an objection to the charge was made and analyze the error for harm. *Id*. Where, as here, claimed error is properly preserved by the timely request for an additional instruction, reversal is required only if the error was "calculated to injure the rights of the defendant," which has been defined to mean that there is "some harm" caused to the defendant. *Almanza*, 686 S.W.2d at 171; *see also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). In evaluating whether appellant suffered some harm in this case, we consider the entire jury charge, the evidence, the arguments of counsel, and any other relevant information in the record. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 171.

### *Lesser Included Offenses*

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. art. 37.09.

In determining whether an instruction on a requested lesser included offense should have been given to a jury, we apply a two-pronged test. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012) (*citing to and relying on the Aguilar/Rousseau* test); *see also Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). First, we must determine whether the lesser offense is included within the proof necessary to establish the greater offense. *Cavazos*, 382 S.W.3d at 382. This is a question of law to be determined under the cognate pleadings approach. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007) (explaining the cognate pleadings approach). Under this analysis, we look to the indictment for the greater offense and determine whether it "1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). We also examine the elements of the lesser offense and determine whether they are functionally equivalent or less than those required to prove the greater offense. *Rice v. State*, 333 S.W.3d 140, 144–45 (Tex. Crim. App. 2011).

Next, we must determine whether some evidence in the record showed that, if the defendant is guilty, he is guilty only of the lesser included offense. *Cavazos*, 382 S.W.3d at 382, 385; *see also Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004). While anything more than a scintilla of evidence may be sufficient to entitle a defendant to the lesser included offense instruction, the evidence must establish that the lesser included offense is a "valid, rational alternative to the charged offense." *Hall,* 225 S.W.3d at 536. It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; rather, "there must be some evidence directly germane" to the lesser included offense for the factfinder to consider before an instruction

on that lesser included offense is warranted. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

### Felony Murder

A person commits an offense of felony murder if he does the following:

> [C]ommits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE § 19.02 (b)(3).

In this case, driving while intoxicated, a 3rd offense, was alleged as the underlying felony of the murder. A person commits the offense of driving while intoxicated if that person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE § 49.04(a). The offense, while normally a misdemeanor, is elevated to a third degree felony if the defendant has previously been convicted two times of any other offense relating to the operating of a motor vehicle. TEX. PENAL CODE § 49.09 (b)(2). A felony offense of driving while intoxicated can serve as the underlying offense for felony murder. *Lomax v. State*, 233 S.W.3d 302, 309 (Tex. Crim. App. 2007).

### Intoxication Manslaughter

A person commits an offense of intoxication manslaughter if he (1) operates a motor vehicle in a public place and (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake. TEX. PENAL CODE § 49.08. For purposes of that statute, intoxication is defined as follows:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

> (B) having an alcohol concentration of 0.08 or more.

TEX. PENAL CODE § 49.01(2).

*Indictment*

The indictment for felony murder alleged that appellant did the following:

did then and there commit or attempt to commit an act clearly dangerous to human life, to-wit: striking James Wylie with a motor vehicle, that caused the death of James Wylie, and the defendant was then and there in the course of committing a felony to-wit: driving while intoxicated, 3 or more, and the said death of James Wylie was caused while the defendant was in the course of or in the furtherance of or in the immediate flight from the commission of said felony.

In order to obtain a conviction under this indictment, the State had to prove not only that appellant was intoxicated at the time his pick-up truck struck Wylie, but also that appellant had previously been convicted of two offenses of driving while intoxicated.

*Intoxication Manslaughter as a Lesser Included Offense of Felony Murder/DWI 3rd*

Whether intoxication manslaughter can be a lesser included offense of felony murder where driving while intoxicated, a 3rd offense, is alleged as the underlying felony is an issue that has not been squarely decided by the Court of Criminal Appeals. And, to the best of this Court's research, no Texas intermediate appellate court has directly decided whether intoxication manslaughter can be a lesser included offense of felony murder where driving while intoxicated, a 3rd offense, is alleged as the underlying felony.

In *Lomax,* the Court of Criminal Appeals decided the opposite of the question appellant presents to this court, *i.e.*, that felony driving while intoxicated is not a lesser included offense of intoxication manslaughter:

Felony DWI requires proof of two prior DWI convictions. . . . Proof of these two prior DWI convictions are not "facts required," or included within the proof necessary, to establish intoxication manslaughter . . . Neither felony DWI nor intoxication manslaughter require proof of a culpable mental state. . . . And, felony DWI does not consist of an attempt to commit intoxication manslaughter or is "otherwise included" in intoxication manslaughter. . . . Having decided that felony DWI is not a lesser included offense of intoxication manslaughter, it is unnecessary to decide whether intoxication manslaughter can form the basis of a felony-murder prosecution.

–10–

233 S.W.3d at 311 (citations omitted).

Courts have also addressed whether a conviction for both felony murder where driving while intoxicated, a 3rd offense, is alleged as the underlying felony and intoxication manslaughter would violate a defendant's double jeopardy rights. *Bigon v. State*, 252 S.W.3d 360, 369–72 (Tex. Crim. App. 2008) (holding that convictions for both felony murder, with the underlying felony of driving while intoxicated with a passenger under 15 years of age, and intoxication manslaughter violate the double jeopardy clause); *McGuire v. State*, 493 S.W.3d 177, 202 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (stating that both intoxication manslaughter and felony murder with the underlying felony of driving while intoxicated could be submitted to a jury for determination of a conviction, though a judgment of conviction entered on both would violate the double jeopardy clause).

Because of the resolution we give to this case, it is unnecessary for this Court to decide whether intoxication manslaughter can be a lesser included offense of felony murder where driving while intoxicated, a 3rd offense, is alleged as the underlying felony offense.

***The Evidence Does Not Support a Conviction for Only Intoxication Manslaughter***

The second prong of the test for when a charge on a lesser included offense is needed requires this Court to determine whether some evidence shows that if appellant is guilty, he is guilty only of the lesser offense. This second step is a question of fact and is based on the evidence presented at trial. *Cavazos*, 382 S.W.3d at 383. Even assuming, without deciding, that intoxication manslaughter is a lesser included offense of felony murder where driving while intoxicated, a 3rd offense, is alleged as the underlying felony, we conclude that appellant cannot prevail under this second prong because the evidence does not show that, if he is guilty, he is guilty only of intoxication manslaughter. Under the facts of this case, intoxication manslaughter is not a rational alternative to this felony murder allegation.

Through its first witness at trial, Brandon Bobbit, an investigator with the Hunt County District Attorney's Office, the State was able to establish that appellant had been previously convicted of two offenses of driving while intoxicated. Bobbit, a fingerprint expert, compared appellant's fingerprints, contained on a card made in the Hunt County jail, to fingerprints contained in two prior judgments wherein appellant was convicted of driving while intoxicated. The first conviction was on a plea of guilty from Hunt County on April 8, 2013, while the second conviction was on a plea of guilty from Collin County on January 14, 2016. Defense counsel did not object to Bobbit's testimony, challenge his credentials as an expert, or object to the introduction into evidence of copies of the two prior convictions.

During the testimony of Keith Herron, a Greenville police officer and accident investigator, it was revealed that a court paper or judgment was recovered from appellant's pick-up truck showing that appellant entered a plea of guilty to driving while intoxicated on April 8, 2013. Another paper was found in the pick-up truck entitled "Texas DWI Education Program. Certificate of Completion;" it was dated October 13, 2013. Defense counsel did not object to the admission of this evidence.

Appellant's defense at trial was that the evidence was insufficient to establish that he was intoxicated at the time his pick-up truck struck Wylie or, in the alternative, that there was reasonable doubt as to his intoxication. Appellant raised no objection at trial to the admission of evidence of his two prior convictions for driving while intoxicated. Nor did appellant attempt to defend against the allegations in the indictment that he had twice been previously convicted for driving while intoxicated. Indeed, during jury argument, defense counsel admitted appellant's prior driving while intoxicated convictions, but argued that those prior convictions did not show that appellant was intoxicated at the time of this incident:

> The only evidence adduced at this trial is that Mr. Burcham has two prior convictions for DWI. Now, I would venture to say that there are a lot of people in

Hunt County who may have one or two convictions for DWI. That does not necessarily mean they're an alcoholic or a professional drunk.

And, on appeal, appellant does not challenge the sufficiency of the evidence to establish his two prior convictions for driving while intoxicated.

As a result, there was no rational basis on which the jury could have failed to conclude that appellant had two prior convictions for driving while intoxicated. The only issue for the jury to decide was whether appellant was committing a third offense of driving while intoxicated at the time his pick-up truck struck Wylie.[6]

But prior convictions for driving while intoxicated are not essential in the proof necessary to establish intoxication manslaughter. Consequently, appellant cannot establish that intoxication manslaughter was a "valid, rational alternative to the charged offense" because he cannot show, under the facts of this case, that if he is guilty he is guilty only of the offense of intoxication manslaughter. *See Hall,* 225 S.W.3d at 536. We conclude that the trial court did not err by denying appellant's requested lesser included offense instruction on intoxication manslaughter and overrule issue one.

### Constitutional Issues

Appellant argues that the trial court's denial of his requested jury instruction on intoxication manslaughter was constitutional error and that the error deprived him of due process under the Fourteenth Amendment to the United States Constitution.[7] U.S. CONST. amend XIV.

Appellant does not cite this Court to any place in the record where he voiced these objections or otherwise presented these claims to the trial court. And our review of the record fails

---

[6] On appeal, appellant does not challenge the sufficiency of the evidence at trial to prove that he was intoxicated at the time his pick-up truck struck Wylie.

[7] The State, in its brief to this Court, fails to address these issues.

to reveal where appellant voiced these objections or otherwise presented these claims to the trial court. Consequently, appellant has not adequately presented these issues for our review. *See* TEX. R. APP. P. 38.1(i); *Buntion v. State*, 482 S.W.3d 58, 106 (Tex. Crim. App. 2016).

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). The trial court must rule on the request, objection, or motion, either expressly or implicitly, or the complaining party must object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

As noted above in this opinion, the trial court denied appellant's request for a jury charge on intoxication manslaughter on grounds that the court did not find it to be a true lesser included offense of the charged offense, but did not make any ruling with respect to the constitutional grounds appellant now argues on appeal. Appellant has not preserved his constitutional claims for our review. TEX. CODE CRIM. PROC. art. 1.14; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). We overrule issues two and three.

### Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

170703F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BRANDON KEITH BURCHAM,
Appellant

No. 05-17-00703-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 31373.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2018.