**AFFIRM; and Opinion Filed December 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01147-CR

**STEVEN TROY TILLERY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82576-2017**

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Appellant was convicted of aggravated sexual assault of a child under the age of fourteen and sentenced to fifty years' imprisonment and a $10,000 fine. On appeal, appellant claims that the trial court erred by not submitting a requested jury charge on the offense of solicitation of a minor, which appellant claims is a lesser included offense of aggravated sexual assault of a child. We affirm.

## Background

On Saturday, February 14, 2015, S.T. was visiting her father, appellant, at his home in McKinney Texas.[1] She was thirteen years old at the time. S.T. was in her bedroom getting ready

---

[1] Appellant was S.T.'s biological father. He and S.T.'s mother divorced in 2010 and had separate residences.

to go out for a Valentine's Day dinner with appellant and her little brother, D.T., when she got a text message on her cell phone from appellant.

The text message was lengthy. In it appellant graphically described sexual feelings he had for S.T. Appellant offered her a number of items of value – a horse, a convertible BMW, a checking account, a credit card and cash for both S.T. and her mother – in exchange for her submission to future acts which would gratify his sexual feelings. In this same text message appellant also described three completed acts of digital penetration of S.T. committed by him between Thanksgiving and Christmas.

The text made S.T. uncomfortable. She called her mother and sent her mother a copy of the text. S.T. convinced appellant to take her to her mother's house. Once at her mother's house, S.T.'s mother locked the door then drove both S.T. and her little brother over to a friend's house. S.T.'s mother called the police the next day.

After responding to the call and viewing the text message on S.T.'s cell phone, the police requested that S.T. go to the Children's Advocacy Center of Collin County. Once there, S.T. was interviewed by Janetta Michaels, a forensic interviewer at the Advocacy Center.  At that time S.T. was able to describe some things that surrounded the sexual abuse, but she did not make outcry of the actual sexual abuse. S.T. was unable to articulate what appellant said to her through the text message, but she was able to write some things down and was able to discuss the text message with Michaels. S. T. indicated that she did not remember everything appellant said he had done to her in the text.

Appellant was interviewed by the police. During that interview, appellant admitted that he sent the text message to S.T. and that it "probably" upset her. The interview ended when appellant stated that he wanted to hire a lawyer. The police retained appellant's phone and subsequently obtained a warrant to search the phone.

S.T. received some therapy which she testified made her stronger, helped her to remember things, and to be able to talk about them. Approximately fourteen months later, S.T. returned to the Advocacy Center and had a second interview with Michaels during which she made an outcry of sexual abuse against appellant.

At trial, S.T. described in detail one act of forcible digital penetration by appellant who had come into her room while she was asleep. This happened before she received the text message from appellant and while she was thirteen, though she did not give a specific date. This was the only instance she recalled. S.T. testified that she had not been ready to talk about this abuse in her first forensic interview.

Appellant did not testify at trial or present any defensive evidence. The text message was admitted into evidence without objection.

### Appellant's Allegations and State's Response

Appellant claims that the trial court erred by denying his request for an instruction on solicitation of a minor because, under the specific facts of this case, the elements necessary to prove solicitation were the functional equivalent of the elements necessary to prove aggravated sexual assault of a child and, further, the evidence showed that if appellant was guilty, he was only guilty of solicitation. The State responds that the trial court properly denied that requested jury charge because solicitation of a minor is not a lesser included offense of aggravated sexual assault of a child.

### Objections and Arguments at Trial

After both sides had rested on the evidence, defense counsel raised the issue of solicitation of a minor as a lesser included offense to the charged offense of aggravated sexual assault of a child under the age of fourteen:

DEFENSE COUNSEL: [C]riminal solicitation of a minor is 15.031(a) and it tracks it just beautifully. And it doesn't matter if there's evidence that the offense was completed to still be charged as solicitation.

So I think solicitation is a lesser included offense of this, charged in the indictment. And in the text it does – in the very last sentence of the text, it talks about this being a dream. But the rest of the text is solicitation.

Defense counsel was referring to the text appellant sent to S.T. and highlighted portions of that text, particularly the "dream" language for the trial court. When asked by the trial court to explain the significance of that, counsel said as follows:

DEFENSE COUNSEL: Because the dream stuff – the sex stuff never really happened, and it's purely solicitation of it happening in the future. We talked about twice in that text, it says, a dream. And the very end of it says, this is the dream I've been having. So the text implies that the sex stuff is a dream. But the rest of the body of the text is a solicitation.

The State responded that "criminal solicitation of a minor is not a true lesser of aggravated sexual assault of a child." The prosecutor further argued as follows:

THE PROSECUTOR: Defense counsel's argument that it's either a dream – that this text message is relaying either a dream or a solicitation is not true. We also have the Defendant saying what he has already done to his daughter.

The dream in the bottom, at the very end, my interpretation of it is that he is dreaming of her letting him kiss her body for the next four to five months, once a month, not everything that he has said that he had done.

An extensive discussion followed between the prosecutor, defense counsel, and the trial court. Both the prosecutor and defense counsel focused on the content and language of the text. The trial court then said as follows:

THE COURT: The only reason that I would consider . . . [giving the charge on solicitation] . . . is, I don't think it makes any difference.

*

If this jury believes the child and the other witnesses, the jury will convict him of aggravated sexual abuse, if they feel like it's been proven beyond a reasonable doubt. If they don't, under the current situation, they would find him not guilty, or find him guilty of . . . [solicitation] . . . I confess to you that something that we are talking about is going to cost somebody else about 25 hours of work on an appeal, if the verdict of guilty is returned of aggravated sexual assault.

–4–

Because that's all I see in this case. I don't see any other legal argument that can be made.

\*

I'm not telling you it's going in. I'm telling you, that's probably the only reason I would even consider it going in.

The next day, and prior to submitting the charge to the jury, the trial court asked the parties for any objections to the charge. The State responded that it had no objections to the charge. Defense counsel again requested a jury charge on solicitation.

THE COURT: What says the Defense?

DEFENSE COUNSEL: I'm still wanting the lesser included solicitation of a child for sex.

THE COURT: I'm listening.

DEFENSE COUNSEL: That's what I want. I mean, again, the –

THE COURT: You're basically saying you have an offense – testimony as to an offense at the time of the hunting trip and the house. And you look at the text and see, what, as a lesser included?

DEFENSE COUNSEL: I say that the text makes a lesser included available because it does offer money and property in exchange for sex.

THE COURT: In the future.

DEFENSE COUNSEL: In the future.

The State responded that "[s]olicitation of a minor is not a lesser included of aggravated sexual assault of a child." The trial court asked defense counsel if he had any case law on the issue. Defense counsel responded: "I do not have a case that that's a lesser included offense because this will be a case of first impression, I think."

The trial court denied the defense request for a jury charge on solicitation.

**Jury Charge Error**

In analyzing a claim of jury charge error, we must first determine if error exists. *See Almanza v. State*, 686 S.W.2d 157, 173–74 (Tex. Crim. App. 1985); *see also Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If it does not, our inquiry ends. *See Price*, 457 S.W.3d at 440. If, however, we find error in the charge, we next consider whether an objection to the charge was made and analyze the error for harm. *Id*. Where, as here, claimed error is properly preserved by the timely request for an additional instruction, reversal is required only if the error was "calculated to injure the rights of the defendant," which has been defined to mean that there is "some harm" caused to the defendant. *Almanza*, 686 S.W.2d at 171; *see also Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). In evaluating whether appellant suffered some harm in this case, we consider the entire jury charge, the evidence, the arguments of counsel, and any other relevant information in the record. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006); *Almanza*, 686 S.W.2d at 171.

**Lesser Included Offenses**

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09.

In determining whether an instruction on a requested lesser included offense should have been given to a jury, we apply a two-pronged test. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012) (*citing to and relying on the Aguilar/Rousseau test*); *see also Rousseau v. State*,

855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). First, we must determine whether the lesser offense is included within the proof necessary to establish the greater offense. *Cavazos*, 382 S.W.3d at 382. This is a question of law to be determined under the cognate pleadings approach. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007) (explaining the cognate pleadings approach). Under this analysis, we look to the indictment for the greater offense and determine whether it "1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). We also examine the elements of the lesser offense and determine whether they are functionally equivalent or less than those required to prove the greater offense. *Rice v. State*, 333 S.W.3d 140, 144–45 (Tex. Crim. App. 2011).

Next, we must determine whether some evidence in the record showed that, if the defendant is guilty, he is guilty only of the lesser included offense. *Cavazos*, 382 S.W.3d at 382, 385; *see also Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004). While anything more than a scintilla of evidence may be sufficient to entitle a defendant to the lesser included offense instruction, the evidence must establish that the lesser included offense is a "valid, rational alternative to the charged offense." *Hall,* 225 S.W.3d at 536. It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; rather, "there must be some evidence directly germane" to the lesser included offense for the factfinder to consider before an instruction on that lesser included offense is warranted. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

## The Evidence Does Not Show Appellant's Guilt for Solicitation Only

Appellant does not cite to a case where solicitation of a minor was found to be a lesser included offense of aggravated sexual assault of a child under fourteen and we have found none. Because of the resolution we give to this case, however, it is unnecessary for this Court to decide whether solicitation of a minor can be a lesser included offense of aggravated sexual assault of a child under the age of fourteen.

The second prong of the test for when a charge on a lesser included offense is needed requires this Court to determine whether some evidence shows that if appellant is guilty, he is guilty only of the lesser offense. This second step is a question of fact and is based on the evidence presented at trial. *Cavazos*, 382 S.W.3d at 383. Even assuming, without deciding, that solicitation of a minor is a lesser included offense of aggravated sexual assault of a child under fourteen, we conclude that appellant cannot prevail under this second prong because the evidence does not show that, if he is guilty, he is guilty only of solicitation of a minor.[2]

### *The Indictment*

The indictment alleged that appellant committed the offense of aggravated sexual assault of a child under the age of fourteen as follows:[3] "intentionally and knowingly cause the penetration of the female sexual organ of . . . (S. T.), . . . a child then younger than fourteen (14) years of age, and not the spouse of the defendant, by means of defendant's finger." The indictment alleged a completed offense of aggravated sexual assault of a child by means of digital penetration. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B).

---

[2] The State does not address the second prong of the analysis for when a charge on a lesser included offense is required, *i.e.*, whether the evidence showed that if appellant was guilty, he was only guilty of solicitation of a minor.

[3] The indictment originally contained six counts. Prior to trial, the State abandoned counts 2 through 6 and proceeded to trial only on count 1.

*Solicitation of a Minor*

A person commits the offense of criminal solicitation of a minor if the person, with intent to commit an enumerated offense, requests, commands or attempts to induce a minor to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute an enumerated offense. TEX. PENAL CODE ANN. § 15.031(a), (b). Aggravated sexual assault is included as an enumerated offense. TEX. CODE CRIM. PROC. ANN. art. 42A.054(a)(8). A completed offense of aggravated sexual assault, however, is not required.

*Analysis*

S.T. testified to an act of forcible digital penetration when she was thirteen. Nothing contradicted S.T.'s testimony. The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Revels v. State*, 334 S.W.3d 46, 52 (Tex. App.—Dallas 2008, no pet.).

In the text message that appellant sent to S.T., he offered a number of items of value to S.T. in exchange for sexual favors. While solicitation may be shown by that portion of the text message, in this same text message appellant also admitted to three prior acts of digital penetration which occurred between Thanksgiving and Christmas.

Digital penetration of a child under the age of fourteen constitutes aggravated sexual assault. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B). A completed act of digital penetration is not, however, essential in the proof necessary to establish solicitation of a minor. TEX. PENAL CODE ANN. § 15.031(a), (b); TEX. CODE CRIM. PROC. ANN. art. 42A.054(a). Consequently, appellant cannot establish that solicitation of a minor was a "valid, rational alternative to the charged offense" because he cannot show, under the facts of this case, that if he is guilty he is guilty only of the offense of solicitation. *See Hall*, 225 S.W.3d at 536. We conclude

that the trial court did not err by denying appellant's requested lesser included offense instruction on solicitation of a minor and overrule appellant's sole issue.

## **Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

171147F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN TROY TILLERY, Appellant

No. 05-17-01147-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas

Trial Court Cause No. 219-82576-2017.

Opinion delivered by Justice Lang-Miers.

Justices Bridges and Francis participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 12th day of December, 2018.